[No. 1658.]

HATTIE MITCHELL, RESPONDENT, v. J. H. MITCHELL, APPELLANT.

DIVORCE—DEFAULT—JUDGMENT.

1. Under Cutting's Comp. Laws, sec. 3245, providing that the relief granted plaintiff, if there be no answer, shall not exceed that demanded in the complaint, a complaint praying for divorce, that defendant be awarded custody of the children, and for such other and further relief as may seem just and equitable, does not authorize award of custody of the children to plaintiff and payments to her by defendant for support of plaintiff and the children.

APPEAL from the District Court, Esmeralda County; *M. A. Murphy*, Judge.

Action by Hattie Mitchell against J. H. Mitchell. From an amended judgment, defendant appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Pyne & Mack*, for Appellant:

I.   The modification of the decree, entered by the court on the 5th of January, 1904, was erroneous for the reason: First, "The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint." (Comp. Laws, 3245.) There was no answer filed in this case, and the plaintiff demanded a decree of divorce and costs of suit, and that the care, custody, and control of the minor child be awarded to and imposed upon the defendant. Under the express terms of our statute the court was restricted to the relief demanded in the complaint, and could not legally grant any further relief, and when the court stripped the defendant of his property, gave the plain-

tiff permanent alimony, and took from the defendant the care and custody of his children on the complaint and summons served on the defendant, without an answer being filed, it transcended its powers and granted to plaintiff that which the statute expressly forbids.   In the *Burling* v. *Gooding* case, the court said: "Where judgment is taken by default, the plaintiff is entitled to the recovery of the particular amount or thing demanded in the prayer of the complaint; * * * the reason and fairness of the rule are obvious. The defendant by his default admits the justice of the claim, and thus consents that judgment be taken against him for what was prayed for in the first instance, whereas, if a greater sum or a different relief were demanded, he may appear and contest the claim as unjust and unreasonable."

In section 3247, Comp. Laws, the plaintiff, if no answer be filed, * * * may apply for the relief demanded in the complaint.   In this section the legislature repeats the rule that in case no answer is filed the court can only give the relief demanded in the complaint.   A number of the supreme courts of the states of the Union have announced the same rule under statutes similar to ours.   Section 580 of the Code of Civil Procedure of California provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint " (*Raun* v. *Reynolds*, 11 Cal. 20; *Gage* v. *Rogers*, 20 Cal. 91; *Mudge* v. *Steinhart*, 78 Cal. 40; *Parrott* v. *Den*, 34 Cal. 81; *Lamping* v. *Hyatt*, 27 Cal. 102; *Lattimer* v. *Ryan*, 20 Cal. 633; *Lowe* v. *Turner*, 1 Idaho, 107; *Linseed Oil Co.* v. *McGinnis*, 32 Minn. 193; *Hoh* v. *Hoh*, 84 Wis. 378; *Whitehall* v. *Jacobs*, 75 Wis. 484, 485; *McKenzie* v. *Peck*, 74 Wis. 208; *Zwicker* v. *Haney*, 63 Wis. 467; *Clear Creek G. M. Co.* v. *Root*, 1 Colo. 374; *Johnson* v. *Manse*, 69 Iowa, 710; *McLaughlin* v. *O'Rourke*, 12 Iowa, 459; *Sinking Fund Coms.* v. *Mason*, (Ky. 1897) 41 S. W. R. 548; *Argyle* v. *Pitts*, 78 N. Y. 239; *Peck* v. *N. Y. R. Co.*, 85 N. Y. 246; *Andrews* v. *Honilaws*, 8 Hun (N. Y.) 65; *Lancaster Mills* v. *Merchants' Cotton Press Co.*, 89 Tenn. 1; *Dunnisson* v. *Leach*, 9 Pac. St. 164.)

II.   Even if the complaint contained the necessary averments and prayer sufficient to warrant the court granting

relief given in the decree as modified on the 8th day of February, 1904, the evidence submitted by the defendant in opposing the motion is such as to show that plaintiff's contention that the decree had been taken (1) through her mistake, inadvertence, surprise, and inexcusable neglect; (2) fraud and deceit practiced and perpetrated upon her, as set out in her affidavit, is wholly false and untrue, and further shows that plaintiff is an unfit person to have the care and custody of the minor children, issue of said marriage. The plaintiff in her affidavit claimed that Geo. S. Green, an attorney-at-law, had threatened that defendant would defend by cross bill charging adultery. This part of plaintiff's affidavit is contradicted by the affidavits of Geo. S. Green, Jesse Midgely, the brother of plaintiff, and J. H. Mitchell, the defendant. The said affidavits show that said charge made by plaintiff never took place. Plaintiff testified that said Geo. S. Green urged her not to employ Patsy Bowler as her attorney. This false and malicious statement is contradicted by the affidavits of Geo. S. Green, Jesse Midgely, the brother of the plaintiff, and J. H. Mitchell, the defendant, who positively state that no such conversation ever took place.

III. The plaintiff states in her affidavit that the defendant promised to give her the house and lot and the custody of the children. This statement is shown to be untrue and false by the affidavits of Geo. S. Green, Jessie Midgely, brother of the plaintiff, and J. H. Mitchell, the defendant. Plaintiff in her affidavit further claims that through inadvertence and inexcusable neglect she allowed her attorney to set forth the prayer in her complaint asking for a decree of divorce and costs of suit. This part of the affidavit is shown to be equally without foundation of fact and untrue by the testimony of W. J. Henley, who brought said action for the plaintiff, who stated under oath upon the stand that he was willing to testify as to the advice given plaintiff by himself, if plaintiff would consent that he (Henley) might testify. The defendant then and there applied to the court and to plaintiff to permit said W. J. Henley, an attorney-at-law, to testify on behalf of defendant. The plaintiff then

and there in open court positively refused to permit Henley to testify in the case and closed his mouth as a witness, and the court even refused to allow counsel for defendant to state what he expected to prove by said Henley. This shows clearly that the statement she had been misled, and that a fraud had been practiced upon her, or that the said prayer was set forth in her complaint through her inadvertence, surprise, and neglect, is wholly false and without foundation of fact. Plaintiff had the evidence under her control which would have established the contention, if it be true, or shown it to be false, and refused to court and counsel to allow said Henley to testify on behalf of defendant. We claim the rule to be that where a party has testimony material and relevant in a case and refuses to produce it on the application of the other party to the suit that the statement of what the opposite party expects to prove by the witnesses is to be proven and weighed against the party refusing to produce the testimony. Counsel desired to prove by said W. J. Henley, plaintiff's attorney, that he (Henley) before the commencement of said action had advised plaintiff as to her property rights and as to her rights under the laws of the State of Nevada, and had advised her to set forth other allegations under her complaint, and had advised her to pray for the property, permanent alimony, and for the care and custody of the minor children, and that, notwithstanding such advice, plaintiff had instructed him (Henley) to draw the complaint in the manner and form set out in the transcript.

IV. Defendant testified in his affidavit that he never treated plaintiff with extreme cruelty, except upon one occasion.

V. The evidence shows that plaintiff is an unfit person to have the care, custody, and the education of the minor children. J. H. Mitchell testifies in his affidavit that plaintiff, his wife, told him at their home in Hawthorne that it took a young man to do family duty every time, etc. The foregoing demonstrates to a mathematical certainty that plaintiff is an unfit and improper person to have the care, custody and control of said children of said marriage.

VI. In view of the provisions of section 3245, Comp. Laws,

it does seem to us that if the plaintiff is dissatisfied with the decree entered in this case on November 23, 1903, then the proper course for her is to ask the court to set aside the decree; then apply to the court for leave to amend her complaint, serve the amended complaint on defendant, and give him a day in court to test her right to greater relief than she demanded and prayed for in her complaint and as set forth in said complaint and the summons served upon the defendant.

VII.   The court found the property to be the separate estate of the defendant, and in the face of that fact took the possession of the property from the defendant and gave the possession of said property to the plaintiff, notwithstanding that section 521 of the Compiled Laws provides that only community property shall be divided between the parties.

*P. M. Bowler, Jr.*, for Respondent:

I.   The decree entered in the first instance is within the issues of the complaint, taken as confessed by the default of the defendant.   (See complaint, summons, and decree.)

II.   The remedy herein is by motion, under provision of section 68, Civ. Prac. Act.   (*Imlay* v. *Carpentier*, 14 Cal. 177; *Bibend* v. *Kreutz*, 20 Cal. 114; *Ede* v. *Hazen*, 61 Cal. 360.)

"The court may in furtherance of justice  *  *  *  relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."   (Comp. Laws, 3163.)

The affidavit of Hattie Mitchell, corroborated by Jessie Midgely, accounts for the allegation of no community property, because of the understanding, out of court, between the parties that she should have the property as a home for herself and children.   The prayer of complaint, that the custody of children be awarded to defendant, is also accounted for by such understanding.

There was omitted from the complaint, owing to the false, fraudulent, and deceitful conduct of defendant, allegations affecting the substantial rights of the plaintiff.   Such omission was in consequence of the supposed settlement of the property rights out of court and the understanding regarding the children that plaintiff should have the custody, con-

trol, and companionship of her children and that they should abide with her continually, though the legal custodianship should, in form only, by the decree, be vested in defendant; the actual possession, supervision, and control of the children should be in plaintiff, they to be by her nurtured and cared for, and that defendant would pay all costs and expenses for their maintenance and support. The legal custody was by decree awarded to defendant, but with the positive and definite understanding that plaintiff should continue in their possession, they to be and remain with her unless she should depart from this state, in which event her parents should be intrusted with the care, custody, and control of the children, the defendant to pay the necessary expenses.

Fraud and deceit were practiced upon her. The decree entered, while it determined the marital status in her favor, hopelessly failed in every other substantial right, and left undetermined the property rights. (See affidavit of Mrs. Mitchell and Jesse Midgely.)

A mistake of law as well as of fact will be considered and the parties relieved from its consequence. (*Love* v. *S. N. W. & M. Co.*, 32 Cal. 639; *Remington* v. *Higgens*, 54 Cal. 624.)

III. The decree before modification affected the marital status of the parties thereto; to that extent it is a proceeding *in personam.*

Section 68 of our civil practice act (Comp. Laws, 3163) is remedial, especially designed for cases such as we are considering. The decree failed in a complete settlement of the substantial rights. Courts have inherent power, for good cause shown "and in furtherance of justice," to do that which should have been done; and in this case, there being a failure, caused by the false, fraudulent, and deceptive representations of defendant, in the settlement of the property rights of the parties, it became the imperative duty of the court, upon notice to defendant and good cause being shown therefor, to convert the proceedings to modify and reform the decree in accordance with the respective rights. And, while the judgment was of our procurement, yet, because of the fraud of defendant, it failed as regards the property rights, and it

should be made to conform to the truth and fact, which was the purpose of the proceeding for reformation and modification.

IV. Anyone who has been injured by a judgment or decree may have it vacated in whole or in part, it being obtained by his procurement, although it appears to be in his favor. In fact, the propriety and the necessity of reforming or modifying a judgment on application of him in whose favor it is is apparent. (Freeman on Judg., secs. 91, 92, p. 94; secs. 99, 104, 107, 108; *Palace H. Co.* v. *Smith*, 134 Cal. 384; *Brackett* v. *Banegas*, 99 Cal. 623; *Kaufman* v. *Shain*, 111 Cal. 16.)

The order entered upon the minutes of the court assigned as error is harmless; it is non-prejudicial. No appeal nor other corrective proceeding was ever taken therefrom. The present appeal is from the corrective proceeding to modify the decree of which defendant had notice, and the affidavit in this proceeding should be treated as a complaint or petition setting forth the facts in ordinary and concise language, stating a cause of action requiring the interposition of the court as provided. (Sec. 68, Civ. Prac. Act, *supra*.)

The modified decree, in so far as provision is therein and thereby made, changing the custody of the children to that of plaintiff and making provision for the children, that is to say, for their maintenance, was not, and is not, in excess of the jurisdiction of the district court.

The court may, at any time, before, at the time of granting, or after granting the divorce, make an order for the support of the children. (Comp. Laws, 504, 505.)

The court, in making the order appealed from, exercised its discretion in pursuance of the statute above cited authorizing the order. It may be done by a proceeding in the original action before the same court, and may be modified and changed from time to time for good cause shown, and as often as the circumstances of the case demand. The court has a continuing jurisdiction. The children are in the custody of the law, the court exercising a supervisory control over them; they are wards of the court, and its jurisdiction over them is continuing, to be enforced upon application and notice and for good cause shown.

The paramount consideration always moving the court in such cases is: What is for the best interest and welfare of the children? And so, in proportion as a necessity exists, the court may be moved to exercise its continuing statutory power, authority, and jurisdiction.

V. The court may at all times upon proper application and notice make orders for the maintenance and education of the children of divorced parents as it may deem just and for their interest and welfare. The statutory provisions cited confer the authority and may be invoked at any and all times as the occasion and necessity demand, and the exercise of the court's authority in the matter cannot be limited or abridged by the parties. It is strictly matter of statutory grant of jurisdiction. (*McKay* v. *Superior Court*, 120 Cal. 143; *Parkhurst* v. *Parkhurst*, 118 Cal. 22; *Wilson* v. *Wilson*, 45 Cal. 399; *Ex parte Gordan*, 95 Cal. 374; *Wand* v. *Wand*, 14 Cal. 513; *Crater* v. *Crater*, 135 Cal. 633.)

VI. The statute law of this state before cited and rules of court (District Court Rules 11 and 45) provide for modification of judgments and decrees especially in matters pertaining to the children of divorced parents.

The innocent parent on whose prayer the divorce is granted will ordinarily have the custody. (Bish. M. D. & Sep. 1196, vol. 2.)

A woman compelled by her husband to resort to divorce ought not to obtain it at the expense of losing the society of her children. (Id. and note to sec. 1201; *Wand* v. *Wand*, 14 Cal. 513; *Wilkinson* v. *Deming*, 22 Am. Rep. 192.)

The order of the 11th day of November, 1903, after entry of the decree in the case, cannot be considered on this appeal. It is supplemented and vitiated by the subsequent order, judgment, and decree of the court had upon application regularly made upon notice, issue joined, and trial had on the 8th day of February, 1904. Again, if such order is so utterly void, it is not necessary to appeal therefrom, for it can have no operation or effect. (*Killip* v. *Empire Mill Co.*, 2 Nev. 34; *Ranft* v. *Young*, 21 Nev. 401.)

The affidavits of plaintiff and defendant were the pleadings, though in form and name called affidavits. The issue was

joined, trials had, and the court's decision entered, in part favorable to defendant as well as to plaintiff.

The modification of the decree was regularly made upon a showing of good cause therefor and upon notice and a contra-showing by defendant.

Counsel treat the proceeding for modification as if default was entered and judgment entered beyond the relief demanded by the complaint. Such is not the case. The affidavit of good cause takes the place of and is in fact a complaint, a statement of facts in ordinary and concise language which was attempted to be answered by the affidavit of defendant. Issue was thus joined, proof submitted, and issue tried and obtained.

Counsel say: "Even if the complaint, etc., the evidence submitted by defendant is opposing the motion that plaintiff's contentions are wholly false and untrue, and further show that plaintiff is an unfit person to have the care and custody of the children."

The statements of plaintiff are "false and malicious" because contradicted by others.

This is not matter for consideration by an appellate court. The weight of evidence and the credibility of witnesses are matters for consideration by the trial court. Where the evidence is conflicting appellate courts will not disturb the verdict of the jury, and especially will appellate courts refuse to set aside findings of fact, judgments, and decrees on matters of fact.

The assignments of error contain no specification wherein the evidence is sufficient to justify the decision and judgment of the trial court. Insufficiency of evidence to justify the judgment and decision of the court may be ground of motion for a new trial, but on an appeal from the judgment or order we respectfully submit that such a ground for reversal on appeal from a judgment or order will not be tolerated. (*Burbank* v. *Rivers*, 20 Nev. 81.)

The decree entered in the cause, before being modified, related to the divorce and custody of the children; it did not determine the property rights, but was of divorce simply. It, therefore, did not conclude the parties or either of them

on other matters. It can have no *res adjudicata* operation on the property rights or claims of the respective parties, for it did not decree upon any other such question. (Greenl. Ev. 528, 529, 532; *Earl* v. *Bull*, 15 Cal. 425; Comp. Laws, 505; *De Godey* v. *Godey*, 39 Cal. 163; *Biggi* v. *Biggi*, 98 Cal. 35; *Kirschner* v. *Dietrich*, 110 Cal. 505.)

The complaint does contain a statement that there is no community property. In view that the statement out of court as shown by the plaintiff's affidavit and the circumstances attending the case throughout, it explains away the statement. The decree is silent on the matter, hence the question of property rights was never determined until the modified decree was rendered.

It is true that there was a general finding that all of the allegations of the complaint are true, but this is not a determination of the property rights of the parties, for the findings are no part of the judgment or judgment roll. (Comp. Laws, 3300.) Findings were unnecessary, there being no appearance, a default being entered. (*Reading* v. *Reading*, 96 Cal. 4.) Therefore, whatever statement may be contained in the complaint as to the existence or non-existence of community property can be considered only as an omission of plaintiff which might have been used for what it is worth as tending to show that the real estate was the separate property of the defendant, being the rents, issues, or profits, or the product of property owned and possessed by him before marriage, but, when considered in the light of plaintiff's statement of the settlement of the property rights by the agreement, promises, and representations specifically set forth in her affidavit and in the light of all the attendant facts and circumstances of the case in the view that there was no community property, for by her statements it became hers by gift from him in any event, it thereby becomes eliminated from the case entirely.

VII. The right to divorce could be determined by jury trial; the property rights by the court without a jury or sitting as chancellor who could call to his aid a jury to whom special issues might have been submitted for answer to aid the court.

VIII.   We respectfully submit that under the provisions of Comp. Laws, 504, providing that "the court, in granting a divorce, shall make such disposition of and provision for the children" for their best interests, it could not only deprive him of the possession for their benefit, but could also divest him of the title for that purpose, and that is precisely what it has done.   The divorce did not destroy paternity; it did not remove paternal obligation to provide for his children.

*Pyne & Mack*, for Appellant, in reply:

I.   The language quoted by counsel for respondent from section 68 of the practice act cannot, by any reasonable construction, be construed to mean that a judgment entered on default can be amended so as to grant the party in whose favor judgment is entered greater relief than that alleged and set out in the original judgment; the word "relieve" has never been construed in that section to mean amend or modify.   Taking the whole section together, the logical construction leads to the conclusion that the word "relieve" means to set aside and annul, or take away.   Nowhere can any authority be found that the word "relieve," as used in that section, means to amend by increasing the amount of relief given to the plaintiff.   In the first two sentences of said section the word "amend" is used, and if the legislature had intended relief to be granted by way of amendment, the word "amend" would have been used, the same as in the first two sentences of this section.   The authorities cited by counsel from the 14th, 20th, and 61st California Reports do not sustain his position wherein he claimed the court had a right to amend the judgment entered on default and increase the relief beyond the allegations of the prayer of the complaint; on the contrary, all of the three cases cited hold that the remedy is to set aside the judgment and restore to the calendar, and not to amend or increase without trial.

II.   Counsel for respondent admits that the judgment was by respondent's procurement.   We contend that if she were dissatisfied with the judgment it was her duty to ask the court to set it aside, amend her complaint, and serve the same upon

the defendant, and give the latter his day in court upon the amended complaint; otherwise, as was done in this case, judgment and execution were had without a trial on the merits of the case before a jury and thus deprived respondent of his property and his rights in direct violation of the constitution of this state, as provided in sec. 3, art. I, of said constitution. If, as counsel contends, the judgment could have been vacated upon proper application, how can the vacating of a judgment be tortured so as to mean the right to amend a decree of divorce beyond the allegations of the prayer and the complaint? The authorities cited by counsel do not sustain him in his position. In the case of *Palace Hardware Company* v. *Smith*, 134 Cal. 381, the course pursued was just what we contend should have been done in this case, provided respondent was dissatisfied with the judgment—namely, the judgment should have been vacated.

III. If, as counsel for respondent suggests, the affidavit and notice are to be treated as a complaint, then respondent should have been allowed to file his answer and go to the jury on the issue framed, as the constitution provides. The record shows that appellant has never waived his right to go to trial by jury. We are unable to find any provision in the practice act authorizing the lower court to treat the notice and affidavit as a complaint, nor an affidavit as an answer; on the contrary, sections 3131 to 3135 of the practice act, Comp. Laws, set forth what shall be considered a complaint and an answer, and the legislature having so provided, nothing can be substituted for them.

IV. There is no allegation in the complaint of any property, hence no issue was made in the complaint as to the property rights of either respondent or appellant. (*Howe* v. *Howe*, 4 Nev. 472; *Walton* v. *Walton*, 32 Barb. 203; *Moore* v. *Guest*, 8 T. H. 119.)

V. The complaint alleges that the care, custody, and control of the minor children be awarded and imposed upon the defendant, but notwithstanding this allegation it may be held by this court that the lower court, "on good cause shown" and when it would be to the best interests of the children, change the custody from the father to the mother.

We claim no good cause was shown; on the contrary, the affidavits stricken out by the court, together with the affidavit of J. H. Mitchell, show the respondent to be an unfit person, etc. The morals of the parents are an element of the highest importance in the question of custody, for the influence of example, especially of parents, is controlling over children. (Bishop on Marriage and Divorce, sec. 1197; *Kremelberg* v. *Kremelberg*, 52 Md. 553; *Jackson* v. *Jackson*, 8 Or. 402; *Uhlman* v. *Uhlman*, 17 Abb. N. Cas. 236.) The court, in changing the custody of children, proceeds upon new facts considered in connection with the facts formerly established, including the change of circumstances, the conduct of the parties, and the morals of the parents. (*Crater* v. *Crater*, 135 Cal. 633.)

VI. The complaint contained no allegation as to the character of plaintiff nor her fitness to have the care and custody of the children; on the contrary, she showed that the defendant was the proper person to have the care and custody of the children, hence the contention of counsel that whatever the conduct of the respondent might have been before the decree was granted it was merged in the judgment. In order to have this question merged in the judgment so as to estop us from raising this question, it was necessary for the plaintiff to have made the proper allegations in her complaint and had the question litigated and decided. (*Caperton* v. *Smidt*, 26 Cal. 481; Black on Judgments, 2d ed., sec. 609, and authorities cited thereunder.)

VII. It was inexcusable carelessness on the part of respondent not to have set out in her complaint all of the property owned by her husband, if she desired to have the property set aside to her. Instead of so alleging, she set forth in her complaint that there was no property and so testified when the decree of divorce was granted. (*Champion* v. *Wood*, 79 Cal. 17.)

VIII. Had the respondent alleged in her complaint that she was a fit and proper person to have the care and custody of the minor children, and that she desired to have the property set aside to her, the appellant would have appeared and defended the case, as is shown by the affidavits of the appel-

lant, Lucy Barlow, W. B. Mercer, Grace Roschollar, and F. B. Stewart. The complaint states that there was no property; the original decree made no disposition of the property. No allegation of the property being made, the court could not dispose of the property in any manner. (Comp. Laws, 3245; *Howe* v. *Howe,* 4 Nev. 472.) All of the authorities cited by counsel in his brief show that respondent, in order to give the court the right to dispose of the property in any manner, should have moved to set aside the decree, amend her complaint, and set forth the property that she desired to have given her; otherwise the court was powerless to dispose of the property.

By the Court, BELKNAP, C. J.:

In an action for divorce upon the ground of extreme cruelty, brought by the wife, the husband defaulted. Proofs were taken, and a decree of divorce entered dissolving the marriage and awarding the custody of the children to the husband in accordance with the prayer of the complaint. Afterwards, and upon the 8th day of February last, upon notice to reform and modify the judgment and decree upon the ground of mistake, inadvertence, surprise, and excusable neglect, and for fraud and deceit practiced upon the wife, the court amended the decree by awarding her the custody of the children, requiring the husband to pay her $50 per month for their and her support, and allowing her to remain in a dwelling house in the town of Hawthorne belonging to the separate estate of the husband while she remains the custodian. The appeal is from this amended judgment.

The civil practice act provides that the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint. (Section 3245, Cutting's Comp. Laws.) The allegations of the complaint in effect are that the husband has been guilty of extreme cruelty; that there is no community property, nor any separate property belonging to the wife; that there are children, and facts showing that the husband is able to maintain them, concluding with a prayer for judgment of divorce, that the husband be awarded the custody of the children,

and for such other and further relief as may seem just and equitable. Under the provisions of the above statute, the husband not having answered, the wife was entitled to a decree of divorce, and the husband to the custody of the children, in compliance with the express prayer of the complaint. This is the extent of the power that the court could exercise.

The portion of the prayer containing the words "for such other and further relief as may seem just and equitable" cannot warrant a judgment inconsistent with the theory and allegations of the complaint.

The amended judgment is reversed, and cause remanded.

FITZGERALD, J.: I concur.

TALBOT, J., concurring:

In the prayer of her complaint the plaintiff asked for a dissolution of the marriage, and for costs of suit, that the care and custody of the children be given to the defendant, and for nothing more. Default and decree following this demand were regularly entered on November 11, 1903. This judgment contained no reservation for further consideration or order by the court. Later on the same day the court, without application or notice, entered this minute order: "And it is further ordered, adjudged, and decreed that the plaintiff be and is entitled to the sum of fifty dollars per month from said defendant as long as she has the custody and the care of said children, for the support of her children and herself." As to this order, I concur in the reasoning and conclusion that it was beyond the prayer of the complaint and the limitation of relief by default under the statute. On January 20, 1904, the plaintiff served upon defendant and filed a notice of motion and petition to "modify and reform the judgment and decree upon the grounds (1) of mistake, inadvertence, surprise, and excusable neglect, and (2) of fraud and deceit practiced and perpetrated upon plaintiff." At the hearing affidavits were filed, and both parties and other witnesses testified. The court, by its modified judgment, on February 8th found and decreed that the dwelling house in Hawthorne

was the separate property of defendant, that the piano and household furniture were community property, that the plaintiff was a fit and proper person to have the care and control of the children, that she and the children be allowed the exclusive possession of the house and lot so long as she remained their custodian. As both parties were before the court, these provisions in the modified decree are not limited or controlled by the statute confining the relief to the prayer of the complaint when the defendant fails to appear. Section 504 of the Compiled Laws provides that the court may, upon good cause shown, change the custody of the children. The decisions are not uniform as to whether provisions for alimony can be modified in the absence of authorization by statute without reservation in the decree, but it has generally been held that modification regarding alimony or the custody of children can only be made upon notice and for good cause shown, arising after the rendition of the judgment, such as a change in the condition, circumstances, character, or conduct of the parents or in the needs of the child. In this connection it is sufficient to say that this is not a proceeding of that kind. The motion to modify the decree is based upon section 68 of our practice act, which directs that upon affidavit showing good cause, and after notice to the adverse party, and upon such terms as may be just, the court may relieve a party from a judgment or order taken against him through his mistake, inadvertence, or excusable neglect. It should be noted that the court may set aside such judgment or order, but the word "modify" does not appear. She testified that he agreed to allow her to retain the children if she secured a decree giving them to him. Without apparent contradiction the evidence indicated that he intended to oppose her action for divorce by answer and evidence tending to show that she had been guilty of conduct which would entitle him to a dissolution of the marriage, and that to avoid publicity and possible disgrace he consented to have her secure the divorce on condition that he be awarded the custody of the children and allowed to retain the property. He was lulled into making default by a complaint which asked for a dissolution of the

Talbot, J., concurring.

marriage, and that he be given the control and care of the children, and which did not demand property or alimony. By her petition the plaintiff did not ask that the whole decree, or that part of it dissolving the marriage, be set aside, but, retaining that portion which was favorable to her, she secured the order of the court reversing the provisions favorable to him. If this order were permitted to stand, he would be deprived not only of the children, but of his opportunity to defend the action by answer and trial before court and jury. He surrendered this right on condition that he be awarded the custody of the children, of which this order would deprive him. If she was not satisfied with the judgment which by agreement she secured against him by default, by having the children awarded to him, and showed good cause for being relieved from it, if any part of it was to be set aside, in justice to him and under the language of section 68 of the practice act, the motion and order ought not to have covered less than the vacation of the whole judgment, and the restoration to him of the right to defend the suit.

For the reasons indicated, I concur in the judgment reversing the orders mentioned.