H. EDWARD WALSH, PLAINTIFF-RESPONDENT, v. MARIO ISGRO, DEFENDANT-APPELLANT.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiff-respondent, *Charles A. Malloy* and *Frank I. Casey.*

For the defendant-appellant, *Harvey T. Satterthwaite.*

The opinion of the court was delivered by

WELLS, J.   This is an appeal from a judgment entered in the Mercer County Circuit Court, in favor of the plaintiff, H. Edward Walsh, and against the defendant, Mario Isgro, in an action for real estate agent's commissions.

In April, 1936, the defendant was the owner of a certain farm in Mercer county, which was advertised for sale.   It is undisputed that one Scurria was the agent of the defendant with regard to the sale of the farm.

The plaintiff, a licensed real estate broker of this state, having had an inquiry from one Grover concerning the possible purchase of a farm, entered into negotiations with the defendant and Scurria to secure authority for sale of the farm.   Of the resulting correspondence, the following two letters constitute the written contract on which the plaintiff relies:

"September 9, 1936.

Mr. H. Edward Walsh
Broad St. National Bank Bldg.,
Trenton, New Jersey.
Dear Mr. Walsh:

I have discussed this matter with Mr. Isgro who advised me he is willing to authorize you to sell his farm for a price of $14,000, agreeing to pay a commission of 7%.

Please reply promptly.   If you agree to these arrangements, I am sure I will be able to help you to a great extent in putting this deal through.

It is understood, however, that Mr. Isgro is not to give you the exclusive right to sell.

Very truly yours,

George Scurria."

"September 10, 1936.

Mr. George Scurria,
419 Walnut St.,
Philadelphia, Pa.
Dear Mr. Scurria:

Replying to yours of September ninth in which you say Mr. Isgro is willing to pay me seven per cent. commission, I accept this arrangement. Kindly have Mr. Isgro send me written authorization at once.

Yours very truly,

H. Ed. Walsh."

On September 22d, 1936, the defendant, without the knowledge of the plaintiff, sold the farm to Grover's wife for $10,000. On September 29th, 1936, the plaintiff, having learned of the sale, submitted a bill to the defendant for $700, being seven per cent. commission on the sale price. The bill not being paid, this action was started.

Upon trial, the plaintiff introduced testimony that he had shown the farm to Grover several times, submitted the price of $14,000, and in return received a counter-offer of $10,000. There was further testimony that Walsh had discussed the sale with one Scudder, who held a mortgage on the farm, and had arranged that the mortgage be continued if Grover should purchase the property.

Walsh had advised Isgro and Scurria that he had a prospective purchaser, but admitted that he had neither introduced Grover nor revealed his name directly to the defendant. He had told Scudder that the purchaser was Grover and asked him not to say anything about the name. Walsh further testified that he was later informed by Scudder that Scurria and Isgro were planning to "do him out of the commissions" by selling the farm direct to Grover. Grover testified that the day he went to buy the farm Scurria had asked him whether he had promised Walsh any commission.

Testimony introduced by the defendant, Isgro, was in denial that the plaintiff had discussed the mortgage with Scudder or had in any way contributed to the effected sale. Isgro and Scurria both contended that their contract with Grover, and eventual sale to his wife, had been accomplished through information obtained from Scudder.

Motions were made by the defendant for nonsuit and directed verdict on the ground that the plaintiff was authorized to sell for $14,000 and was not entitled to commissions on any less sum. Both motions were denied, and the case submitted to the jury to determine whether or not the plaintiff was the competent procuring cause of the sale. The verdict was for the plaintiff, and from the judgment entered thereon this appeal is taken.

It is a settled rule of law in this state that a real estate broker, duly employed in writing, earns his commission when he finds a purchaser able and willing to comply with the terms specified in the authority thus given or when he finds a purchaser who agrees to purchase on terms satisfactory to the owner. *Ganley* v. *Kalikman,* 105 *N. J. L.* 311; *affirmed,* 106 *Id.* 237.

It is not disputed in the present case that the plaintiff, Walsh, had secured an offer of $10,000 from Grover, and that the defendant later sold the property to Grover's wife for this amount. Nor is it disputed that Grover was his wife's agent in the negotiations with Walsh. However, the defendant contends that Walsh was entitled to commissions only on a sale made for $14,000, the amount specified in the authorization of September 9th, 1936.

A study of the terms of this authorization reveals a statement of the asking price and rate of commissions, but nothing, beyond the inclusion of the sale price in the authorization, to indicate that the payment of commissions was strictly conditioned on the asking price being secured. To support the defendant's contention, we would be forced to hold that where an asking price is specified in the broker's written authority, no commissions could be earned unless that price be obtained, whatever terms might later prove satisfactory to the owner in a sale to a purchaser originally procured by

the broker. Such a holding would in effect overrule the principle of law stated in the case of *Ganley* v. *Kalikman, supra,* which we think is controlling here.

The defendant argues that the Ganley case is inapplicable since it involved a contract giving an exclusive agency to the broker. However, in both cases the eventual sale was effected by the owner himself, and the element of exclusive agency is not a material factor.

Under the terms of the contract in the case at bar, the plaintiff was entitled to commissions if he was the procuring or efficient cause of the sale to Grover. Since the evidence was conflicting so as to raise a doubt on this point it was properly submitted as a question of fact to be determined by the jury. *Clark* v. *Griffin*, 95 *N. J. L.* 508.

The defendant urges a further ground of appeal based on the refusal of the trial court to make a certain requested charge. The substance of the charge was that the plaintiff would not be entitled to commissions if the jury found (1) that the defendant believed he was selling to a purchaser other than one who had been shown the farm by Walsh; or (2) that there were no circumstances which would put the defendant on notice that the purchaser was originally interested by Walsh.

The plaintiff's right of recovery is not dependent upon the knowledge of the defendant that the purchaser was procured by the activity of the plaintiff. *McLaughlin* v. *Campbell*, 78 *N. J. L.* 541. Furthermore, we think that both of these propositions were necessarily considered by the jury in their determination of the procuring or efficient cause of the sale. Since the general charge was adequate on this point, no error can be predicated on the refusal to charge specifically.

The judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.