JOHN A. PAOLERCIO AND ANGELO DONOFRIO, PLAINTIFFS AND DEFENDANTS-APPELLANTS, AND DOROTHY GREWE GILBERT ET AL., PLAINTIFFS-RESPONDENTS, v. RICHARD A. WRIGHT, DEFENDANT-RESPONDENT.

Argued June 20, 1949—Decided June 30, 1949.

Mr. *Verling C. Enteman* (*Messrs. McCarter, English & Sluder,* attorneys) argued the cause for the defendants-appellants, John A. Paolercio and Angelo Donofrio.

Mr. *Gustave G. Kein, Jr.* (*Messrs. Kein & Scotch,* attorneys) argued the cause for the plaintiffs-respondents, Dorothy Grewe Gilbert, Ernest A. Grewe, individually, and Estelle Bierylo.

Mr. *Paul J. O'Neill* for the plaintiffs-respondents, Eunice I. Fred(e)ricks and Clifford Fred(e)ricks.

Mr. *Stanley W. Greenfield* argued the cause for the plaintiffs-respondents, J. Arthur Christie and Samuel H. Christie, Sr., individually.

Mr. *Henry W. Decker* for the defendant-respondent, Richard A. Wright.

The opinion of the court was delivered by

WACHENFELD, J. On January 7, 1945, defendant-respondent Richard A. Wright was driving a Nash roadster south on Prospect Avenue, West Orange. At the same time and place a Cadillac owned by John A. Paolercio and driven by Angelo Donofrio, the appellants, was proceeding north. The road was covered with ice and snow. The Cadillac passed two snow plows which were also proceeding north in the right-hand or east lane of the highway. The driver of the Cadillac says he passed the snow plows and returned his car to the east lane some time before the accident took place. The driver of the Nash says the oncoming Cadillac remained in the west lane and that in order to try to avoid a collision he at the last minute swerved his Nash to the left side of the road, causing the Nash to skid sideways, and that the Cadillac struck his car in the right side.

The Nash roadster had, in addition to the driver, six passengers, four of them in the front seat with the driver. The Cadillac had two passengers in addition to the driver.

Damages was done to both automobiles and injuries were sustained by some of the passengers. Paolercio and Donofrio, owner and driver, respectively, of the Cadillac, sued Wright, owner and driver of the Nash, for damages to their car and for injuries suffered by Donofrio. The passengers in the Cadillac car also sued Wright for injuries sustained. Five of the passengers in the Nash sued their own driver, Wright, and the driver and owner of the Cadillac for their injuries, one of these actions later being discontinued. Fathers of certain minor passengers in the Nash sued both drivers and the owner of the Cadillac for expenses and loss of services occasioned by reason of the injuries sustained by their children. Wright, the driver of the Nash, filed a counterclaim against the owner and driver of the Cadillac for damages to his car.

By an order of the court, all of these suits were consolidated and tried at the same time in Union County. The jury by its verdict found no cause of action in the suit by Paolercio and Donofrio against Wright, but found a verdict against

Paolercio and Donofrio in favor of Wright on his counterclaim for damages to the Nash. In the suit by the Cadillac passengers against Wright, a voluntary nonsuit was taken as to one of the plaintiffs and as to the other the jury found no cause of action. In the suits by the passengers in the Nash and their parents, the jury found verdicts of no cause of action against their own driver, Wright, but found verdicts in their favor against Paolercio and Donofrio. In the judgments returned for the parents, the verdicts, instead of naming a sum of money, were for "out-of-pocket" money. A motion was subsequently made by the attorneys for the parents to the trial judge to mold the verdicts by substituting certain sums representing their expenses occasioned by the accident for the "out-of-pocket" money awarded by the jury's verdict. This motion was denied. Another motion was made to the trial judge by Paolercio and Donofrio to set aside all of the verdicts returned. This motion was also denied. Judgments were entered on each verdict for the amounts found by the jury and, in the case of the parents, for "out-of-pocket" moneys and costs.

The appellants' main arguments are there was error in the trial judge's denying the motion to set aside the verdicts as irregular and improper, the trial court erred in denying specific requests to charge and in refusing to grant a motion for a directed verdict in favor of the appellants against the respondent Wright on his counterclaim.

The motion to set aside the verdicts was directed to all of the verdicts returned by the jury. A new trial is asked on the ground that the failure to specify a sum certain as damages to be awarded to certain of the plaintiffs and the substitution of "out-of-pocket" money rendered the whole verdict improper, irregular and incomplete.

Actually there was not one verdict returned by the jury but several in separate cases which had been consolidated for trial simply as a time-saving device to preclude a series of separate trials based on the same general facts growing out of the same accident. The fact that certain verdicts were incomplete and improper does not of itself vitiate the others.

It is conceded by all counsel that it will be necessary to have a new trial in the cases of the parents' actions against the appellants, Paolercio and Donofrio, since the verdicts returned by the jury in those actions do not set forth with sufficient certainty the amounts awarded to the parents.

The appellants, however, contend that such new trial must be *de novo*, while the respondents submit that the new trial should be limited to an ascertainment of damages only. The appellants go further and assert that if a new trial is to be had with respect to damages in favor of the parents, since the rights of the parents are completely dependent upon and derivative from the rights of their respective children, the retrial should include also the question of damages and injuries to the children themselves.

True, the parents' actions are derivative in the sense that they may not recover except where the defendants have been guilty of negligence in causing the injuries to the infants, and therefore it depends upon a valid cause of action in the infants, but there is no good reason advanced why the damages resulting to the parents may not be assessed and determined in a separate trial. These injuries may quite easily be shown without any necessity of re-assessing the money damages to be awarded to the infants, which have already been determined and fixed by the prior jury.

From the evidence submitted and the verdicts returned, it appears clear and certain that the jury found that the injuries resulting to the children were due to the negligence of Paolercio and Donofrio and that they were not due to the negligence of Wright, against whom no cause of action was found.

When a new trial is necessary, it may be limited to the question with respect to which the verdict is found to be wrong. If separable and if the error relates solely to the quantum of damages, it may be set aside as to damages only. *Rule* 3:59–1. Here the error was solely in the manner of expressing the damages awarded and it is clear that the new trial in these cases should therefore be limited to damages only. *Esposito v. Lazar*, 2 *N. J.* 257 (1949).

It is next contended there was error in the court's refusal to charge as requested in the appellants' ninth and tenth requests. They were in reference to the contributory negligence of the passengers in the Wright car arising out of the crowded condition in that vehicle. They differed only in that the first had reference to those plaintiffs who were riding in the front seat while the second included all passengers in the roadster. They were refused except as already covered in the charge given.

True, the court did not adopt the language of the requests, but it is equally true that the substance and effect of these requests had already been charged, which is sufficient under our cases. Since the general charge was adequate in this respect, error cannot be predicated on the refusal to charge specifically. *Walsh v. Isgro,* 121 *N. J. L.* 165 (*E. & A.* 1938).

The appellants also contend that there was error in the refusal of the court to charge the specific requests as to the assumption of risks. Our conclusion is that the main charge substantially covered this phase of the case and was adequate in this respect. Therefore there was no error.

As to the alleged error in refusing to grant the appellants' motion for a direction of a verdict in their favor on Wright's counterclaim, which was left by the trial court to the jury for determination, the rule is that unless it is clearly established beyond fair debate that the plaintiff was negligent and that the negligence proximately contributed to his injury, a motion for a nonsuit or to direct a verdict will be denied. *Fox v. Great Atlantic & Pacific Tea Co.,* 84 *N. J. L.* 726 (*E. & A.* 1913). Here there was a sharp factual dispute, one contention being that the Cadillac was on the wrong side of the road, having just passed a snow plow, and that the roadster had to cut to its left to avoid a head-on collision, while the other contention is that the roadster came around the bend at a high rate of speed, failed to make the turn and skidded into the limousine. Under these circumstances the negligence and contributory negligence were properly to be decided by the jury.

The need for and the wisdom of *Rule* 3:38–2, requiring every verdict shall be returned by the jury to the judge in open court, is evidenced by the occurrence in this case. After a two weeks' trial a judgment was entered for "out-of-pocket" money which could not be defended by either side. If the above rule had been in force and effect at the time, the difficulty would not have been encountered and the expense of a new trial might have been avoided.

The judgments in favor of the parents, to wit, Ernest A. Grewe, Clifford Fredericks and Samuel H. Christie, Sr., for "out-of-pocket" moneys are reversed and a new trial ordered as to damages only, while the judgments below in all other respects are affirmed.

*For reversal in part and affirmance in part*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.