8 N.J. Super. 268 (1950)
74 A.2d 328
DOROTHY MARSERO AND FRANK J. MARSERO, HER HUSBAND, AND FRANK J. MARSERO, IN HIS OWN RIGHT, PLAINTIFFS-RESPONDENTS,
v.
PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, ETC., DEFENDANT-APPELLANT. ANNA MALINAUSKAS AND JOSEPH MALINAUSKAS, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, ETC., AND WILLIAM A. SLIMM, SR., DEFENDANTS-APPELLANTS, AND FRANK J. MARSERO, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1950.
Decided June 21, 1950.
*269 Before Judges McGEEHAN, COLIE and EASTWOOD.
*270 Mr. Carl T. Freggens argued the cause for defendants-appellants, Public Service Interstate Transportation Company and William A. Slimm, Sr.; Mr. Herman H. Wille, Jr., on the brief.
Mr. Frank M. Lario argued the cause for plaintiffs-respondents Dorothy Marsero and Frank J. Marsero.
Mr. Samuel P. Orlando argued the cause for defendant-respondent Frank J. Marsero (Messrs. Orlando, Devine & Tomlin, attorneys).
Mr. Horace G. Brown argued the cause for plaintiffs-respondents Anna Malinauskas and Joseph Malinauskas.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Appeals were taken from two judgments entered in the Superior Court, Law Division, one a judgment against the Public Service Interstate Transportation Company and in favor of plaintiff Dorothy Marsero for $1,000 and in favor of plaintiff Frank J. Marsero for $750; the other a judgment against the Public Service Interstate Transportation Company and William A. Slimm, Sr., and in favor of plaintiff Anna Malinauskas for $6,000 and in favor of plaintiff Joseph Malinauskas for $1,500.
On September 24, 1948, a collision occurred between an automobile owned and driven by Frank Marsero, in which his wife Dorothy was a passenger, and a bus owned by Public Service Interstate Transportation Company (hereinafter referred to as Public Service) and driven by its employee William A. Slimm, Sr. The suit of Dorothy and Frank Marsero was against the Public Service alone. The suit of Anna and Joseph Malinauskas was against Public Service, William A. Slimm, Sr., and Frank Marsero, individually, jointly and in every combination of the three defendants. Public Service admitted ownership and operation of the bus. The cases were consolidated for the purpose of trial. A jury verdict rendered by ten or more of the jury agreeing would be as valid as though it had been rendered by the entire jury. L. 1948, c. 120.
*271 The appellants argue that the trial court committed reversible error in accepting and recording the verdicts against the defendants Public Service and William A. Slimm, Sr.
Both cases went to the jury at 12 noon. At 3:10 P.M. the jury returned to the courtroom, at which time the forelady asked the following question: "We would like to know if we find both the Public Service and Mr. Marsero both negligent, can Mrs. Marsero collect any damages for her injury?" The court answered: "You may consider it, yes, and return a verdict in her behalf." The jury again retired at 3:17 P.M. and returned to the courtroom at 3:47 P.M., when the following occurred:
"The Clerk: Members of the jury, have you agreed on a verdict?
"The Forelady: We have. We, the jury, find Public Service Interstate Transportation Company and the driver Mr. Slimm guilty of negligence and award the sums of: Mr. Malinauskas, $1,500.00; Mrs. Malinauskas, $6,000.00; Mr. Marsero, $750.00; and Mrs. Marsero, $1,000.00.
"The Clerk: Members of the jury harken to your verdict, as the Court has ordered it recorded: You find for the plaintiff Joseph Malinauskas, $1,500.00 against the defendant Public Service Interstate Transportation and William A. Slimm, Sr.; for the plaintiff Anna Malinauskas, $6,000.00, against the defendant Public Service Interstate Transportation Company and William A. Slimm, Sr.; for the plaintiff Frank J. Marsero, $750.00 against the defendant Public Service Interstate Transportation Company and William A. Slimm, Sr.; and for the plaintiff Dorothy Marsero, $1,000.00 against the defendant Public Service Interstate Transportation Company and William A. Slimm, Sr.
"The Clerk: Is that a unanimous verdict?
"The Forelady: No.
"The Clerk: I will call the names of the jury and you will report the verdict as I call your name.
"Juror No. 4: The over-all verdict is unanimous but some features were not.
"The Court: If there is any dissent, as your names are individually called now, you may voice it.
"Juror No. 4: On the over-all picture?
"The Court: Any element you dissent on.
(Names of jurors called by the Clerk, and they reported as follows):
"No. 1, Agree; No. 2, Agree; No. 3, Agree; No. 4, I found both the Public Service and the other party guilty of negligence; No. 5, Agree; No. 6, I found negligence on the part of the driver of the car but more negligence on the part of the Public Service; No. 7, Agree; No. 8, I found negligence on the part of the bus driver and driver of *272 the car; No. 9, I found both guilty of negligence, more so the Public Service; No. 10, I found the bus driver guilty of negligence; No. 11, Agree; No. 12, Agree."
The court then asked the jurors who had announced that they found negligence on the part of both the Public Service bus driver and the driver of the car to stand. Jurors No. 4 and No. 8 stood. On repetition of the question by the court, jurors No. 6 and No. 9 also stood. The court then ordered recorded as announced the verdicts for Anna and Joseph Malinauskas and the verdict for Dorothy Marsero, and further instructed the jury: "In order that a verdict in favor of Mr. Marsero be recorded, there must be at least 10 who have found that he was not guilty of any negligence. You may retire to consider further the cause of action of Mr. Marsero vs. the Public Service." The jury retired at 4:35 P.M. The following colloquy ensued:
"Mr. Wille: If the Court please, I take exception to the Judge's entry of the judgment in favor of Mr. and Mrs. Malinauskas against defendant Public Service, taking that question away from the jury and returning them to consider the other case, because if the jury find on their return that Mr. Marsero is guilty of negligence they should also be given the opportunity of assessing damages against that party.

* * * * * * *
"Mr. Brown: It would seem to me that you should charge this jury that if they find both of the defendants were guilty of negligence, then that their verdict for the Malinauskas should be against all of the defendants.
"The Court: Anything further? That is noted on the record."
The jury returned to the courtroom at 4:50 P.M. and the forelady announced that the jury had agreed on the following verdict: "We find the Public Service Transportation and Mr. Slimm guilty of negligence and award the sum of $750 to Mr. Marsero." This verdict was agreed to by ten jurors, but jurors No. 4 and No. 8 dissented. The court received the verdict and ordered it recorded as a verdict with ten jurors agreeing and two dissenting.
When the judge received and recorded the verdicts, he dealt with several verdicts in several cases which had been consolidated for trial simply as a time-saving device to preclude *273 a series of separate trials based on the same general facts growing out of the same accident. Even if certain verdicts are incomplete or improper, that fact alone will not vitiate the others. Paolercio v. Wright, 2 N.J. 412 (1949).
The Malinauskas suit was against Public Service, Slimm and Frank Marsero and the jury was instructed to bring in a verdict in favor of Anna and Joseph Malinauskas (1) against all three defendants if they found all three negligent, (2) against Frank Marsero if they found negligence on his part only, and (3) against Public Service and Slimm if they found negligence on their part only. When the verdicts for Anna and Joseph Malinauskas against the Public Service and Slimm were returned, the poll disclosed that all twelve jurors found the Public Service and Slimm negligent but four jurors also found Frank Marsero negligent, the effect of which was that eight jurors agreed to the verdicts for Anna and Joseph as returned but four jurors were in favor of different verdicts, namely, verdicts against all three defendants. Since less than ten jurors agreed to the verdicts for Anna and Joseph Malinauskas as returned, it was error to receive and record them.
In the suit of Frank Marsero, which was against the Public Service alone, the jury first returned a verdict for Frank Marsero against the Public Service for $750. The jury had been instructed that their verdict should be for the defendant Public Service if they found that Frank Marsero contributed by his negligence to the happening of the accident. The poll of the jury disclosed that all twelve jurors found Public Service negligent but four also found Frank Marsero negligent, the effect of which was that eight jurors agreed to the verdict for Frank Marsero as rendered but four jurors were in favor of a different verdict, namely, a verdict for the defendant Public Service. Since less than ten jurors agreed to the verdict for Frank Marsero as returned, the court properly refused to receive and record the verdict for Frank and sent the jury back to consider further the cause of action of Frank Marsero against the Public Service. No objection was made to this procedure. The jury thereafter returned *274 the same verdict of $750 in favor of Frank Marsero against the Public Service, with ten of the jurors agreeing thereto, and the court received and recorded this verdict without objection. The appellants contend that the court's action in receiving and recording the other verdicts, without a final determination as to Frank Marsero's primary or contributory negligence, was prejudicial in the case of Frank Marsero against the Public Service. But no authority is cited to support this contention and appellants did not bring it to the attention of the trial court. Even if the verdicts for Anna and Joseph Malinauskas were improperly received and recorded, such fact alone will not vitiate the verdict for Frank Marsero in his suit against the Public Service. Paolercio v. Wright, above.
No objection was made to the receiving and recording of the verdict for Dorothy Marsero. Her suit was against Public Service alone. All twelve jurors found the Public Service negligent, and the jury rendered a verdict in her favor and against the Public Service. While it is true that on a poll of the jury following the rendering of its verdict for Dorothy against the Public Service, four jurors stated that they also found negligence on the part of Frank Marsero, a finding of concurring negligence on the part of Frank Marsero was no bar in the suit of Dorothy against the Public Service to a verdict in her favor against the Public Service, and the court had so charged the jury. "One who, while riding in the private conveyance of another, is injured by the negligence of a third party, may recover against the latter notwithstanding that the negligence of the driver of the conveyance in driving his vehicle, contributes to the injury, where the person injured is without fault and has no authority over the driver." Kaufman v. Pennsylvania Railroad Co., 2 N.J. 318 (1949). The court did not err in receiving and recording the verdict for Dorothy Marsero.
The judgments for Dorothy Marsero and Frank Marsero are affirmed and the judgments for Anna Malinauskas and Joseph Malinauskas are reversed. A new trial is granted in the suit of Anna and Joseph Malinauskas.