ANNA MALINAUSKAS AND JOSEPH MALINAUSKAS, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. PUBLIC SER-VICE INTERSTATE TRANSPORTATION COMPANY AND WILLIAM A. SLIMM, SR., DEFENDANTS-RESPONDENTS, AND FRANK J. MARSERO, DEFENDANT.

Argued January 2, 1951—Decided January 22, 1951.

Mr. *Horace G. Brown* argued the cause for the appellants.

Mr. *Carl T. Freggens* argued the cause for the respondents (Mr. *Herman H. Wille, Jr.,* on the brief).

The opinion of the court was delivered by

ACKERSON, J. We are concerned here with two actions in tort arising from a collision between a bus of the Public Service Interstate Transportation Company (hereinafter referred to as "Public Service"), driven by its employee, William A. Slimm, Sr., in which Anna Malinauskas was a passenger and an automobile owned and operated by Frank J. Marsero in which his wife Dorothy was a passenger. For the injuries and losses resulting from this occurrence, Anna Malinauskas and her husband Joseph brought an action in the Superior Court, Law Division, against Public Service, its driver Slimm, and Frank J. Marsero. An action was also brought in the same court by Marsero and his wife against the Public Service.

Since the two actions arose out of the same occurrence and involved the same issues of fact and law, they were consolidated for the purpose of trial. At the conclusion thereof, the jury returned a verdict which was announced by the forelady as follows: "We, the jury, find Public Service Interstate Transportation Company and the driver Mr. Slimm guilty of negligence and award the sums of: Mr. Malinauskas, $1,500; Mrs. Malinauskas, $6,000; Mr. Marsero, $750; and Mrs. Marsero, $1,000." The clerk repeated the verdicts and then asked: "Is that a unanimous verdict?" The forelady replied: "No." The jury was then polled and it was apparent therefrom that they were unanimous in finding Public Service and its driver guilty of negligence but four of them considered that Frank J. Marsero also was guilty of negligence.

The trial judge thereupon directed the recording of the verdict as announced in favor of Anna Malinauskas, Joseph Malinauskas and Dorothy Marsero and then instructed the jury that there had to be at least ten jurors (*L*. 1948, *ch*. 120, § 1, *p*. 831; *N. J. S. A.* 2:27–233.1) who found that Frank J. Marsero was not guilty of negligence before a verdict in his favor could be recorded, and directed them to "* * * retire to consider further the cause of action of Mr. Marsero v. Public Service."

The jury again retired and at this point counsel for Public Service and Slimm took an exception to the entry of the judg-

ment in favor of Mr. and Mrs. Malinauskas on the sole ground that "* * * if the jury find on their return that Mr. Marsero is guilty of negligence they should also be given the opportunity of assessing damages against that party."

When the jury again returned they reported by a ten to two vote the following verdict: "We find the Public Service Transportation and Mr. Slimm guilty of negligence and award the sum of $750 to Mr. Marsero." The clerk of the court then repeated all of the verdicts in full as follows:

"Members of the jury harken to your verdict, as the Court has ordered it recorded: You find in favor of plaintiff Anna Malinauskas, $6,000.00, and for plaintiff Joseph Malinauskas, $1,500.00, and assess said sums against defendant, Public Service Interstate Transportation Company and defendant William A. Slimm, Sr. You find in favor of the plaintiff, Dorothy Marsero, in the sum of $1,000.00, and for the plaintiff, Frank Marsero, in the sum of $750.00, and assess those sums against the defendant, Public Service Interstate Transportation Company and defendant William A. Slimm, Sr., and the latter verdict is 10 for and 2 against."

There was no objection to the final verdicts as thus repeated by the clerk and they were in fact the only verdicts actually recorded and incorporated in the resulting judgments.

Public Service and Slimm then appealed both cases to the Appellate Division, which affirmed the judgment recovered against them by Frank and Dorothy Marsero but reversed that obtained by Joseph and Anna Malinauskas on the ground presently to be considered. It is the latter determination which is now before us for review pursuant to certification granted on the application of the last named plaintiffs. The bus company and its driver have not sought certification of the judgment in favor of Mr. and Mrs. Marsero.

The basis for the reversal of the judgment in favor of the plaintiffs Mr. and Mrs. Malinauskas is best expressed by the following excerpt from the opinion below:

"When the verdicts for Anna and Joseph Malinauskas against the Public Service and Slimm were [first] returned, the poll disclosed that all twelve jurors found the Public Service and Slimm negligent but four jurors also found Frank Marsero negligent, the effect of which was that eight jurors agreed to the verdicts for Anna and Joseph as returned but four jurors were in favor of different ver-

dicts, namely, verdicts against all three defendants. Since less than ten jurors agreed to the verdicts for Anna and Joseph Malinauskas as returned, it was error to receive and record them."

Therefore the dispositive question presented by this appeal is whether or not the trial court committed reversible error in accepting and recording the verdicts in favor of these appellants and against the Public Service and Slimm under the circumstances hereinabove related.

Under well settled principles, where there are two or more joint tort-feasors, an action may be instituted against any one or more of them and, if against several, one defendant alone may be held liable if the proofs justify it regardless of the finding as to the others, and if several are found liable there is no right of contribution and the jury may not apportion the damages among them. *Matthews v. Delaware, L. & W. R. R. Co.,* 56 *N. J. L.* 34 (*Sup. Ct.* 1893) ; *Rose v. Squires,* 101 *N. J. L.* 438 (*Sup. Ct.* 1925) ; affirmed, 102 *N. J. L.* 449 (*E. & A.* 1925) ; *Manowitz v. Kanov,* 107 *N. J. L.* 523, 525 (*E. & A.* 1930) ; *Vadurro v. Yellow Cab Co.,* 6 *N. J.* 102 (1950) ; *Public Service Ry. Co. v. Matteucci,* 105 *N. J. L.* 114 (*E. & A.* 1928) ; *Ross v. Pennsylvania R. R. Co.,* 5 *N. J. Misc.* 811 (*Sup. Ct.* 1927). Thus Joseph and Anna Malinauskas could have brought their action against Public Service alone and upon a proper showing could have recovered their damages against it regardless of whether or not Marsero, driver of the other car, was guilty of concurring negligence. Instead these plaintiffs brought their action against Public Service, Slimm and Frank Marsero by filing a complaint in which there were several separate counts charging each defendant individually with negligence; other counts (the third and eighth) charging only Public Service and Slimm jointly with negligence, and other counts (the fifth and tenth) directed against all three defendants "jointly and in every combination of the three defendants * * *." No issue was raised as to contributory negligence on the part of Mrs. Malinauskas, who was merely a passenger in the bus. Therefore when the first poll of the jury disclosed that all twelve of the jurors had found Public Service and Slimm guilty of negligence and

had assessed the damages in favor of Mr. and Mrs. Malinaus-kas, the only issues raised by the third and eighth counts of the latter's complaint, which were directed only against Public Service and its driver Slimm, had been fully and finally decided and Mr. and Mrs. Malinauskas were then entitled to the entry of the verdicts so reported in their favor regardless of the fact that the poll also showed that an agreement had not been reached by the requisite number of jurors respecting the liability of the defendant Marsero on the other counts of the complaint in which he was joined as a defendant. An agreement by the requisite number of jurors (ten) on the question of his liability was not a prerequisite to the finding of liability against the other defendants, particularly under the third and eighth counts of the complaint in which Marsero was not joined as a defendant and consequently no damages were demanded against him.

Nor would we have reached a different conclusion if this particular complaint had been limited to a single charge of liability against all three defendants jointly. Public Service and Slimm had no legal interest in the claims of these plaintiffs against Marsero. If he had been found liable along with them they would not have been entitled to contribution and the jury could not have apportioned the damages. They would not have been benefited by such a finding for it would not have relieved them in any way from their own liability. Hence they cannot be heard to complain of the court's action in accepting and recording the verdicts against them without first requiring a finding either for or against Marsero in the same case. *Cf. Dunbaden v. Castles Ice Cream Co.,* 103 *N. J. L.* 427 (*E. & A.* 1926) ; *Feury v. Reid Ice Cream Co.,* 2 *N. J. Misc.* 1008 (*Sup. Ct.* 1924) ; *Dumphy v. Thompson,* 3 *N. J. Misc.* 1086 (*Sup. Ct.* 1925) ; *Rose v. Squires, supra.*

It is now insisted, however, that when the first poll of the jury revealed that all of the jurors had found Public Service and Slimm negligent, but four of the jurors considered that Marsero was also negligent, the first named defendants were entitled as a substantive right to have all of the issues in both cases resubmitted and not alone the case of Mr. Marsero

against the Public Service. The reason advanced for this contention is that the jury conceivably could have reversed its first findings completely if all of the issues in both cases had been resubmitted for further deliberation and that these defendants are entitled to the benefit of that possibility.

We think, however, that the views hereinabove expressed supply a negative answer to this argument. Furthermore these defendants are in no position to argue the point on this appeal because the substance thereof (particularly the alleged desire for resubmission of the issue of negligence on the part of the bus company's operator in the case of Mr. and Mrs. Malinauskas) was not properly called to the attention of the trial court nor made the subject of a request for the desired action by that court. *Rules* 3:46 and 3:51. The sole reason stated in the single objection interposed by these defendants to the trial court's action in resubmitting only "the cause of action of Mr. Marsero v. the Public Service" was "because if the jury find on their return that Mr. Marsero is guilty of negligence they should also be given the opportunity of assessing damages against that party." Not only was this objection conditioned upon an event which did not come to pass, *i. e.,* a finding by at least ten jurors that Marsero was guilty of negligence, thereby eliminating the basis for the objection, but if he had been found guilty of negligence these defendants, as already noted, would have had no legal interest in the matter. It is also to be noted that the reason for the objection did not encompass a claim that "less than ten jurors agreed to the verdicts for Anna and Joseph Malinauskas as returned, * * *," which is the basis stated by the Appellate Division for its reversal of the judgment of the trial court. Moreover, as hereinbefore stated, when the jury returned the second time it announced "We find the Public Service Transportation and Mr. Slimm guilty of negligence and award the sum of $750 to Mr. Marsero," thus indicating that the conduct of the driver of each vehicle had been reconsidered and weighed and again the jury had found the bus driver, Slimm, alone, guilty of negligent operation. Additionally, after this verdict had been reported, the court clerk reannounced all of

the verdicts to the jury indicating that as to Mr. and Mrs. Malinauskas the verdicts in their favor were unanimous and they were so recorded without objection.

In this connection it must be kept in mind that two separate actions, with different plaintiffs and in part with different defendants, were being tried together by the same jury for the purpose of convenience. Nevertheless they continued to be separate actions and the verdicts were rendered with respect to each case as though each had been tried on the same day but by different juries. If they had been tried separately the bus company and its driver would have had no legal ground for complaint and they are in no better position because the actions were tried at the same time and by the same jury. It should perhaps be added that we are not concerned here with the propriety of the reception and recording of the verdict in favor of Mrs. Marsero as that is not before us on this appeal.

██ It is a well established rule that a verdict is to be liberally construed, and all reasonable intendment will be indulged in its support, and it will not be held insufficient, unless, from necessity, there is doubt as to its meaning. *Dewar v. Ruehle,* 137 *N. J. L.* 304 (*Sup. Ct.* 1948); *Rossman v. Newbon,* 112 *N. J. L.* 261, 264 (*E. & A.* 1933). Applying this rule to the verdicts under review, and considering the actions of the jury as a whole, there can be no doubt that all of the jurors at all times had agreed upon and intended to have recorded unanimous verdicts in favor of Mr. and Mrs. Malinauskas and against Public Service and its driver Slimm regardless of the liability of the defendant Marsero.

The judgment of the Superior Court, Appellate Division, is accordingly reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.