361 P.2d 719

Joe ARAGON, Emma S. Aragon, Rafael Aragon and Robert Aragon, an Infant, by Joe Aragon, his father and next friend, Plaintiffs-Appellants and Cross-Appellees,

v.

Charles Henry KASULKA and Ferguson-Steere, a corporation, Defendants-Appellees and Cross-Appellants.

No. 6851.

Supreme Court of New Mexico.

May 8, 1961.

R. F. Deacon Arledge and Charles Driscoll, Albuquerque, Filo M. Sedillo, Belen, for appellants.

Sutin & Jones, Albuquerque, for appellees.

COMPTON, Chief Justice.

These actions arose out of the same occurrence and, by agreement of the parties, were consolidated for trial and for hearing on appeal.

The plaintiffs, Joe Aragon and Emma S. Aragon, filed an action against the defendants to recover damages for injuries sustained by them as a result of a collision of a truck driven by the defendant Kasulka, agent of the defendant Ferguson-Steere, a corporation, with an automobile driven by the plaintiff, Emma S. Aragon, at or near the intersection of State Highways 47 and 6, east of Belen. The complaint alleges that the collision and the resulting damages were due to the negligence of the defendants in the operation of the truck. Issue was joined; defendants also counterclaimed.

The plaintiffs, Rafael Aragon and Robert Aragon, passengers in the automobile driven by the plaintiff, Emma S. Aragon, filed a separate action against the defendants to recover damages on account of the same

**312**

collision, in which they also allege the same negligence on the part of the defendants. Issue was duly joined. Thereafter, the consolidated cases were tried to a jury.

Three separate verdicts were returned, (1) against the plaintiffs, Joe Aragon and Emma S. Aragon, on their complaint, (2) against the defendants on their cross-complaint and (3) against the plaintiffs Rafael Aragon and Robert Aragon on their complaint. Judgments were entered accordingly.

Subsequently, the plaintiffs filed a motion denominated as "Motion to vacate judgment, to grant a new trial, and to grant judgment in part non obstante veredicto, and to tax the costs." The motion was denied and the plaintiffs appeal from the order denying the motion. The defendants also have appealed but they waive their appeal in the event the order denying the motion is sustained.

It is first urged that the verdicts in the cause wherein Rafael Aragon and Robert Aragon are plaintiffs is inconsistent with the verdicts rendered by the same jury in the consolidated case in which Joe Aragon and Emma S. Aragon are plaintiffs. Appellants' contention is that to deny recovery by defendants on their cross-complaint the jury necessarily found defendants negligent, while in the action by Rafael Aragon and Robert Aragon, guests in the car driven by Emma S. Aragon, the same jury, on the same facts must have concluded that defend-

ants were free from negligence, since no issue of negligence or contributory negligence of Rafael Aragon and Robert Aragon was submitted to the jury. This claimed inconsistency is urged as ground for reversal.

We fail to see any legal inconsistency justifying the setting aside either of the verdicts. While it is a well-settled principle that verdicts must be consistent, there is no legal requirement of consistency where separate cases are consolidated for trial. In the trial of consolidated cases, absent error in the pleading, proof, or submission of the action, "each case retains its distinctive characteristics and remains separate in respect of * * * verdicts, findings, judgments, and all other matters except the one of joint trial." 88 C.J.S. Trial § 6; Page v. Hamilton, Mo., 329 S.W.2d 758; Rudolph v. Mundy, 226 Ark. 95, 288 S.W.2d 602; Brown v. Parker, 217 Ark. 700, 233 S.W.2d 64; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; Paolercio v. Wright, 2 N.J. 412, 67 A.2d 168; Malinauskas v. Public Service Interstate Transp. Co., 6 N.J. 269, 78 A.2d 268, 272.

In Malinauskas v. Public Service Interstate Transp. Co., supra, we find the following statement by the court:

"* * * Nevertheless they continued to be separate actions and the verdicts were rendered with respect to each case as though each had been tried on

the same day but by different juries. If they had been tried separately the bus company and its driver would have had no legal ground for complaint and they are in no better position because the actions were tried at the same time and by the same jury. * * *"

■ Another argument made by plaintiffs is that "the verdicts should be reversed and new trials granted because the jury did not respond properly when polled." The answer to this argument is that the proceeding relating to the polling of the jury of which they now complain does not appear in the transcript. In their motion, the court was asked to recall certain answers made by the jury when polled; that was not enough. It is the established policy of this court to pass only upon matters appearing in the record. Frank Bond & Sons, Inc. v. Reserve Minerals Corp., 65 N.M. 257, 335 P.2d 858; Johnson v. Citizens Casualty Co., 63 N.M. 460, 321 P.2d 640. See also Dillon v. Dillon, 68 Nev. 151, 227 P.2d 783.

We find no error in the ruling of the court. The order denying the motion should be affirmed, and it is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.