## CORNEL WILDE, Appellant, v. MARJORY WILDE, Respondent.

No. 4065

June 4, 1958.                           326 P.2d 415.

*John S. Belford,* of Reno, for Appellant.

*H. W. Edwards,* of Reno, and *Harold D. Geffen,* of Beverly Hills, California, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from special order after final judgment. The judgment, rendered August 30, 1951, was a decree of divorce. On December 12, 1956 appellant sought an order of the trial court terminating his obligation to pay alimony as established by the final decree and seeking entry of full satisfaction of judgment in respect to alimony. The order from which this appeal is taken is the order of the court below refusing entry of satisfaction of judgment.

The ground upon which appellant based his application to the court below was that respondent, his former wife, had remarried and that his obligation to pay alimony thereby had ceased under the law of this state. NRS 125.150 provides in part, "In the event of the death of either party or the subsequent remarriage of the wife, all alimony awarded by the decree shall cease *unless it shall have been otherwise ordered by the court.*" [Emphasis supplied.] The sole question upon this appeal is whether the decree of divorce provided that payment of alimony should continue notwithstanding the remarriage of the wife.

The decree itself is silent upon the question of alimony. It incorporated by reference the provisions of a written agreement of property settlement entered into between the parties and ordered compliance by the parties.

Section 13 of that agreement provides, "In discharge of Husband's obligation to support and maintain wife because of their marital and family relationship, the parties agree that husband, by way of alimony, and not as part of the property settlement, shall pay alimony to the Wife for her support and maintenance, as follows: * * *" Then follow, in subparagraph (a) of the agreement, provisions establishing the amounts payable as alimony for a period of three years from September 1, 1951. Subparagraph (b) then provides for the manner in which the sum shall be computed for a subsequent period of seven years following the expiration of the

three-year period specified in subparagraph (a). Subparagraph (c) then provides for the method of computing the payments for a subsequent period of one month. Subparagraph (d) then provides, "If the wife shall not have remarried within the period of ten years from the date of this agreement the husband shall pay to her commencing with the eleventh year and continuing until the death or remarriage of the wife, or the death of the husband, whichever is sooner, as alimony, annually, a sum equivalent to [then is set forth the method of computing alimony from this point on]."

This, through incorporation by reference, was the language of the court's decree with reference to alimony. The parties construe this language differently. Appellant construes it as providing simply that alimony shall be payable in a certain amount, which amount is subject to reduction after ten years, provided it is then still payable. Respondent, on the other hand, construes the language to provide that for ten years, regardless of remarriage of the wife, the husband shall pay her the specified sums as alimony; that thereafter a reduced sum shall only be payable provided the wife has not remarried and continues single.

The trial court has by its action in effect adopted the latter construction as proposed by the wife.

Upon this appeal questions are raised as to whether we are construing (1) an agreement independent of the decree or (2) a decree in which the agreement has become merged. We do not find it necessary to decide this question since under either conception an affirmance is indicated.

Affidavits presented by the wife which remained uncontradicted at the time of the hearing below, established that the true intent of the parties was in accordance with her construction of the language of the agreement. This would support the trial court's action assuming that it was the agreement which was being construed.

Assuming the agreement to have been merged and that the trial court was but construing the language of

its own decree, certainly great weight must be given to such construction for it is then the intent of the trial court with which we are primarily concerned. The parties have failed to provide us with authority as to the circumstances under which an appellate court may review such lower court action and as to the limitation, if any, upon its appellate function in connection with such review. We do not find it necessary to settle these matters. The construction adopted by the trial court cannot be said to be unreasonable.

We note that termination of the support obligation by remarriage was not mentioned in connection with the support payments provided in subparagraphs (a), (b) and (c) but was twice expressly mentioned in connection with subsequent payments as set forth in subparagraph (d). The expression of this limitation is some indication that it was not to be applied tacitly but, rather, was to be applied only where expressed. There is, therefore, support in reason for the court's construction of its decree as requiring payment of alimony for the first ten years regardless of the remarriage of the wife.

Affirmed.