[No. 1379.]

## LOUIS DUTERTRE, APPELLANT, *v.* G. N. SHALLENBERGER, RESPONDENT.

PRACTICE—WANT OF, OR DEFECTIVE FINDINGS, WHEN CONSIDERED ON APPEAL.—A case will not be reversed for want of a finding, or for a defective finding unless the finding is excepted to, or a finding is requested upon the omitted point.

EQUITY—DEFENSE OF POSSESSION OF LAND.—The fact that the equitable owner of land permitted a number of years to elapse without taking action, which he might have taken, to obtain the legal title, does not prevent him, when sued for the land, from setting up his equity in defense of his possession.

IDEM—NON-OPERATION OF THE STATUTE OF FRAUDS.—Where, as here, the facts would be sufficient to entitle the equitable owner of land to the specific performance of a contract of purchase of the same, the case is taken out of the statute of frauds and conveyances, and no deed or instrument of writing establishing the agreement need be proven.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Humboldt county.

*A. E. Cheney,* District Judge.

The facts are stated in the opinion.

*M. S. Bonnifield, Galpin & Zeigler, Torreyson & Summerfield,* for Appellant.

I. To bind or to affect appellant's rights the findings should have shown that appellant had knowledge of respondent's equities before appellant's purchase. (*McNeil* v. *Tenth National Bank,* 46 N. Y. 329; *Graff* v. *Middleton,* 43 Cal. 341; 1 Storey's Eq. Jur. 413.)

II. Respondent allowed almost six years to elapse without taking any steps to have the mistake in his deed rectified, and sets up his laches as a defense against appellant's acknowleged legal title. Where one of two persons must suffer from any act of negligence, he is to suffer whose act occasioned the mis-

chance.  (*Ruiz* v. *Norton*, 4 Cal. 358; *Exchange Bank* v. *Monteath*, 26 N. Y. 513; *Schultz* v. *McLean*, 93 Cal. 356; *Griswold* v. *Haven*, 25 N. Y. 602; *Graff* v. *Middleton*, 43 Cal. 343; *Poorman* v. *Mills*, 39 Cal. 353; *Lickborrow* v. *Mason*, 2 Tenn. R. 70.)

*R. M. Clarke*, for Respondent.

. I.  The actual, exclusive and adverse possession of respondent of the premises in question at the time appellant took his deed, appellant well knowing of such possession, was in the law constructive notice to appellant of respondent's rights and equities.  (2 Lead. Cases in Eq. 135, 182, 185; 5 Johnson's Chan. 39; 10 Gill & Johnson, 316; *Lestrade* v. *Barth*, 19 Cal. 660; *Talbert* v. *Singleton*, 42 Cal. 391; *Pell* v. *McElroy*, 36 Cal. 271.)

· II.  It is the established doctrine of the law that the recording acts only apply in favor of parties who have acted in good faith, and cannot be made the means of fraud or oppression. (2 Lead. Cases in Eq. 185; *Simpson* v. *Harris*, 21 Nev. 353.)

˙ By the Court, BIGELOW, J.:

Action of ejectment.  Trial by the court and judgment for the defendant.  The plaintiff is the owner of the legal title to the demanded premises, but the defendant sets up an equitable defense to the action founded upon a purchase by him from the plaintiff's grantor, the payment of the purchase money, and possession and improvement for a number of years; of all of which, it is alleged, the plaintiff had full knowledge at the time of his purchase.

˙ It would appear that the answer sufficiently states an equitable defense, and we do not understand this to be seriously controverted by the plaintiff.  Certainly if, as alleged in the answer, the plaintiff knew of the defendant's purchase, of the payment of the purchase money, and of his possession and improvement of the premises, it can hardly be said that the plaintiff was an innocent purchaser.  The principal point made upon the appeal seems to be that the findings do not support the judgment in this, that it was not found that the plaintiff knew of the defendant's claim to the land, or that the defendant's possession was sufficient to put the plaintiff upon notice of his equities.  But, as we have seen, it was alleged in the

answer that he did know all about the matter. No motion for new trial was made, and there was no exception upon the ground that the findings were defective, or for want of a finding upon this point. The plaintiff does not claim that there is anything in the findings showing affirmatively that he did not have this knowledge, or that the defendant's possession was not sufficient to put him upon notice, but only, if we understand his position correctly, that those facts are not expressly found.

It hardly ought to be necessary at this day, to say that where there is nothing in the finding showing affirmatively that the judgment is wrong, the mere want of a finding, or a defective finding of a fact properly pleaded, can never under our system result in a reversal, unless the defective finding is excepted to or a finding is requested upon the omitted point. Under the present California system, the express findings must support the judgment, and if they do not the case will be reversed; but with us there is an implied finding in favor of the judgment, of all facts properly pleaded.

If then, we should admit that the findings as found in the transcript are upon this point insufficient to support the judgment, in the absence of all exception to them, we must imply a finding that the plaintiff did have sufficient knowledge of the situation to put him upon notice of the defendant's equities. This would be the case were there no findings at all upon the point; and certainly a defective finding can be no worse than none at all. If it is claimed that the evidence is insufficient to justify such a finding, this would be a point that should be made by a motion for new trial, and upon a statement of the evidence. (*Welland* v. *Williams,* 21 Nev. 230, and cases cited therein; *Simpson* v. *Harris,* 21 Nev. 353.)

The fact that the defendant allowed a number of years to elapse without taking action to obtain the legal title does not prevent him, when sued, from setting up his equity in defense of his possession (*De Guire* v. *St. Joseph Lead Co.,* 38 Fed. Rep. 65), nor would the statute of limitations run against his doing so. (*Love* v. *Watkins,* 40 Cal. 547.)

Where, as here, the facts shown would be sufficient to entitle the defendant to a specific performance of the contract of sale, the case is taken out of the statute of frauds or conveyances, and no deed or instrument of writing establishing the agree-

ment need be proven. (Sedg. & W. Tr. Tit. Land, Secs. 321a, 797; Newell, Eject. 679; *Bowler* v. *Curler*, 21 Nev. 158.) We have purposely omitted all consideration of the fact that the defendant's grantor also made him a deed, because it does not appear from the answer whether the deed failed to describe the premises, or was not recorded, or why it was invalid. In this respect the pleading is defective, but the facts which are properly pleaded are sufficient to support the judgment.

The judgment is affirmed.