# ATKINS v. ATKINS

No. 2776

September 13, 1927.                    259 P. 288.

1. DIVORCE—SUPPORT OF INFANT.

In action for divorce, award to wife of $100 monthly for support of infant child *held* within court's discretion, though husband and wife had agreed that there should be no provision made by the court for support of child, and wife testified that she wished none, under marriage and divorce act, sec. 24 (Rev. Laws, sec. 5840), providing that court in granting a divorce shall make such provision for the children as appears most expedient under the circumstances.

2. DIVORCE—SUPPORT OF INFANT.

In action for divorce brought by wife against husband, who answered but defaulted on trial, award to wife of $100 monthly for the support of an infant child *held* within discretion of court, although complaint did not ask for any such relief, under marriage and divorce act, sec. 24 (Rev. Laws, 5840), providing that court, in granting divorce, shall make such provision for children as appears most expedient.

3. DIVORCE—BEST INTEREST OF CHILD.

In determining custody and support of child on entry of decree of divorce, it is not rights of parties which are to be determined, but best interest of child is paramount consideration, under marriage and divorce act, sec. 24 (Rev. Laws, 5840), providing that the court, in granting a divorce, shall make such provision for children as appears most expedient.

4. DIVORCE—ALLOWANCE NOT EXCESSIVE.

In an action for divorce, where it appeared that husband was a practicing physician earning from $5,000 to $7,000 yearly in his profession, and that the wife had no property or income and was required by the decree to keep infant child at her expense for three months each year on request, award, under marriage and divorce act, sec. 24 (Rev. Laws, 5840), of $100 monthly for the support of the infant child, which was the only child of the marriage, *held* not excessive.

## C. J.–CYC. REFERENCES

DIVORCE—19 C. J. sec. 795, p. 343, n. 10, 11; sec. 815, p. 356, n. 20 (new); sec. 817, p. 356, n. 32; sec. 818, p. 357, n. 34, 36 (new).

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett*, Judge.

Action for divorce by Jennie Johnson Atkins against Frank M. Atkins. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Ayres & Gardiner,* for Appellant:

Plaintiff prayed for relief she desired, and was limited to prayer. Defendant submitted himself to jurisdiction of court on express understanding that only certain relief would be prayed for. Court had no right to force upon parties relief not asked, and which plaintiff agreed she would not ask in consideration of defendant's appearing. Appellant cannot, and does not wish to be absolved from support of his child, but does desire to support it in his own way. One hundred dollars per month is excessive amount for support of child of tender years. No evidence was offered that it was necessary.

Mitchell v. Mitchell, 28 Nev. 125, holds that where defendant was lulled into making default by complaint which asked only that marriage be dissolved, that he be given control of children, but did not ask for property or alimony, an order contrary to prayer, if permitted to stand, would deprive him not only of·custody of children but also of his opportunity to defend by answer and trial before jury.

To induce defendant to come into court on assurance that only certain relief would be asked and then to throw aside that assurance and say he was before court for all purposes is unconscionable.

*Harwood & Tippett,* for Respondent:

Plaintiff did not ask, but court ordered, support of child. It was his duty to do so. Rev. Laws, 5840. His authority cannot be abridged by agreement of parties. 2 Bishop, pars. 1161 to 1224; Schouler (6th ed.), par. 780, 796; 9 Cal. Jur., par. 144; Wilson v. Wilson, 45 Cal. 399; Lewis v. Lewis, 163 P. 42.

Right of child to support cannot be barred by agreement of mother. Harlan v. Harlan, 98 P. 32.

Mitchell v. Mitchell, 28 Nev. 110, should have been reopened and defendant heard.

Evidence was that defendant showed unparalleled indifference to his child, had never inquired about him, never showed any affection, never gave him any toys or

presents; that defendant received large income; that plaintiff was without any means of her own, and dependent on her parents for their voluntary assistance. Court exercised proper discretion. Rev. Laws, 5840.

## OPINION

By the Court, DUCKER, J.:

This is an action for divorce. A decree was made in favor of plaintiff and against defendant, granting a divorce and awarding plaintiff the custody and control of the infant child, and the sum of $100 per month for support, education, and maintenance of said child until the further order of the court. No motion for a new trial was made. Defendant appeals from the judgment.

He contends that the trial court was without jurisdiction to make that part of the decree awarding plaintiff the sum of $100 per month for the support, and asks that such provision be stricken from the decree.

The complaint alleges that there is no community property belonging to the parties, but that the defendant has an income of upwards of $7,000 per annum, derived from his practice as a physician, and that plaintiff has no property and no income whatever. It is stated in the complaint that plaintiff makes no request at this time for alimony for herself. In the prayer of the complaint she asks to be awarded the sole care and custody of the minor child of the parties, with the privilege to the defendant of seeing him at reasonable times, and that she have such other and further relief in the premises as may be proper.

The defendant, through his attorneys, answered the complaint, admitting and denying certain allegations thereof. He did not appear at the trial, and the divorce was granted on the testimony of plaintiff. She testified that she was able to provide for the child with the help of her father and mother, who were devoted to him and willing and anxious to care for him and her, and that she asked for nothing for the support of herself or child.

She testified also to an agreement she had entered into with her husband which they wished to be included in the decree, concerning the right of the husband to see the child at reasonable and proper times and have the child with him for visits, walks, drives, and innocent and harmless amusements, and her agreement with him, if he so requested, to send the child by a nurse or other appropriate person to such reasonable place in the city of Atlanta, Ga., where he lived, for such visits as he might request for the period of three months during the year. She testified also that the defendant had made some statement that she had seen, in communication to his counsel, about proposing to establish a trust fund, but said he would do it voluntarily, and refused to have anything binding whatsoever.

The trial court entered the decree substantially in accordance with the agreement as to the father's right to have reasonable access to the child, but disregarded the plaintiff's expressed desire that no provision be made for its support and maintenance by the father, and the statement of the attorney for plaintiff that such had been agreed to.

**1, 2.** It is insisted by counsel for defendant that, by reason of the facts that there was an agreement that no provision be made by the court for the support of the child, that plaintiff testified that she wished none, and that no such relief was asked for in the complaint, the court was without jurisdiction or authority to make that part of the decree compelling defendant to pay $100 per month for the support of the child.

The matter, under the facts of the case, was within the sound judicial discretion of the court, and its ruling cannot therefore be disturbed. The duty of the court having jurisdiction of a divorce case, to provide for the welfare of a child or children of the parties, is imposed by statute. It is made a necessary incident to such jurisdiction. Section 24 of the act relating to marriage and divorce (Rev. Laws, 5840), provides in part as follows:

"The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall

appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children."

3. The basis of the power conferred on the court by this statute to exercise a broad discretion as to custody and support, lies in the reason that it is not the rights of the parties which are to be determined, but the best interests of the child. This is universally held to be of paramount consideration, and arises from state's interest in the training, education, and general welfare of children. In Re Austin's Estate, 173 Mich. 47, 138 NW. 237, Ann. Cas. 1914D, 749; Thomas v. Thomas, 250 Ill. 354, 95 NE. 345, 35 L. R. A. (N. S.) 1158, Ann. Cas. 1912B, 344; Silberschmidt v. Silberschmidt, 112 Ill. App. 58; Ex Parte Gordan, 95 Cal. 374, 30 P. 561; Stone v. Stone, 158 Ind. 628, 64 NE. 86; Logan v. Logan, 90 Ind. 107; Marks v. Marks, 22 S. D. 453, 118 NW. 694; Houghton v. Houghton, 37 S. D. 184, 157 NW. 316; Parker v. Parker, 4 Ohio Cir. Ct. Dec. 539; In Re Morgan, 117 Mo. 249, 21 SW. 1122, 22 SW. 913; Snover v. Snover, 10 N. J. Eq. 261; Lewis v. Lewis, 174 Cal. 336, 163 P. 42; Nelson on Divorce and Separation, vol. II, pp. 934-947; Bishop on Marriage and Divorce and Separation, vol. II, sec. 1169.

In In Re Morgan, under a statute similar to ours, it was held that the trial court had power to make orders concerning the custody of the children pendente lite, though the pleadings contain no prayer relating thereto. The court said that—

"Jurisdiction of the parties to that suit carries with it the incidental power to make an award as to the custody of the child. * * * A decree of divorce would necessarily affect the welfare of the child, and it is the duty of the court to protect it, and hence it is that the court can make a proper order concerning its future custody, though the petition contains no prayer to that end."

Snover v. Snover, 10 N. J. Eq. page 261, is cited in the foregoing opinion, in which the principle is sustained as to support as well as custody.

In In Re Austin's Estate, 173 Mich. 47, 138 NW. 237, Ann. Cas. 1914D, 749, it was contended that the decree in the divorce case, in so far as it attempted to grant any allowance for the support of the children, was void, because no claim therefor was set up in the bill of complaint, and the underwriting on the subpena was not signed by the solicitor for the complainant. It was urged that no facts were set up in the bill of complaint showing the ability of the father to pay alimony, or the amount of his property. The court in its opinion quoted the statute which is similar to ours, and held as follows:

"In our opinion, a fair and practical construction of the above section authorizes the court to make a just and proper order respecting the care, custody, and maintenance of the minor children in a divorce proceeding, even though the pleadings may contain nothing in reference to those subjects. We think that they are, by the statute, made incidents to the divorce; and that, upon the making of a decree for a divorce, full power is given for the custody, care, and maintenance of children."

The court further said:

"We think the position of counsel for appellee, where they claim that in every divorce case, whether mentioned in the pleadings or not, or whether or not there be any underwriting on the subpena, or whether or not the parties agree, or attempt to agree, as to the minor children, such children have become, by statutory enactment, the special wards of the court, is supported by authority; and this matter is not only within its jurisdiction, but it becomes the duty of the court to safeguard the interests of the minors against improvidence or carelessness of one or both parents."

The decisions need not be further elaborated. The general rule deducible therefrom is fairly stated by Mr. Nelson:

"When it has been determined that a divorce will be rendered, it becomes necessary to make some order concerning the custody and support of the children of the parties. * * * The statutes confer a broad discretion upon the trial court to make such order as the circumstances require, and in the exercise of this discretion

the court is to consult the welfare of the child in every case. The good of the child is paramount to all other considerations, and the court may ignore the greater affection of one party, the common-law right of the father, the agreements of the parties, and, if the circumstances clearly require it, may award the custody to a third person. The agreement of the parties is not binding upon the court, for it is not the rights of the parents which are to be determined." Nelson on Divorce and Separation, vol. II, p. 934.

We are referred by defendant's counsel to the case of Mitchell v. Mitchell, 28 Nev. 110, 79 P. 50. In that case there was a default, and it was held that, under section 299 of the Civ. Prac. Act (Rev. Laws, 5241), the trial court had no power to award the custody of the children to plaintiff, who did not pray for such relief. The case is therefore not in point. There is an answer in this case, and consequently, under the express terms of said section the court could grant any relief consistent with the case made by the complaint and embraced within the issue.

4. We perceive no abuse of discretion as to the amount of the allowance for the support of the child. It appears that the defendant is a practicing physician, earning from $5,000 to $7,000 per annum in his profession. He had theretofore contributed nothing to the support of the child, which was the only child of the marriage. Plaintiff has no property or income of her own, and is compelled, under the terms of the decree, to keep the child at her own expense for three months in each year, at the city of Atlanta, Ga., should the husband request it.

The judgment is affirmed.