ELIZABETH ROTHERHAM DILLON, Appellant, v.
KENNETH P. DILLON, Respondent.

No. 3622

February 19, 1951.                              227 P.2d 783.

*T. L. Withers,* of Reno, for Appellant.

*L. D. Summerfield* and *A. R. Schindler,* both of Reno,
for Respondent.

**OPINION**

By the Court, MERRILL, J.:

This is an appeal from judgment of the Second judicial district court in and for Washoe County. The appeal is upon the judgment roll alone. The principal question involved is as to the sufficiency of the findings of fact to support the judgment of the trial court denying alimony to appellant wife.

On March 11, 1949, respondent brought suit in the lower court asking divorce from appellant upon the. ground of extreme cruelty. Appellant, in response, filed an answer and cross complaint for separate maintenance. In due course the action was tried before the court without a jury.

On February 27, 1950, "Corrected Findings Of Fact And Conclusions Of Law" were signed by the trial judge. Among the conclusions of law was one to the effect that plaintiff was entitled to a decree "that the defendant be denied any relief under and by virtue of her Answer and Cross-Complaint, and that the defendant is not entitled to any award of alimony."

On March 4, 1950, a decree was signed by the trial judge granting respondent a divorce from appellant and providing: "That the defendant be, and she hereby is, denied any relief under and by virtue of her Answer and Cross-Complaint, and that said defendant be, and she hereby is, denied any award of alimony."

Appellant first contends that the court's findings of fact do not show that they were served upon appellant five days prior to the signing thereof, pursuant to the provisions of sec. 8784, N.C.L.1929 Supp. 1931–1941, no

proof of service appearing in the record; that the findings, accordingly, must be completely disregarded and the judgment reversed.

It is true that no proof of service appears in the record. Confined as it is to the judgment roll, the record is wholly devoid of any indication as to the manner in which the findings were settled or as to the steps which led to their signing. From this it is equally true that it does not affirmatively appear from the record that service was not made as required by statute. The record is as susceptible of one conclusion as of the other. Under these circumstances it cannot be presumed by this court that the trial court was guilty of error which does not affirmatively appear upon the face of the record. "This court will not indulge in presumptions against the regularity of the proceedings of the trial court." Schwartz v. Stock, 26 Nev. 128, 143, 65 P. 351, 352.

Appellant next contends (as her second and third assignments of error) that the judgment denying her alimony is unsupported by findings of fact and is based wholly upon a conclusion of law which is likewise unsupported. In this appellant relies upon the following portion of sec. 9463, N.C.L.1929 Supp.1943–1949: "In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, * * *."

No finding of fact was made by the trial court as to the condition in which the parties would be left by the divorce. No factual issue was raised in the pleadings as to this matter. Appellant, in seeking separate maintenance rather than alimony, alleged no facts upon the point. By virtue of the statutory provision, appellant asserts, it is nevertheless incumbent upon the court to make an express finding in that regard.

In Dutertre v. Shallenberger, 21 Nev. 507, 34 P. 449, 450, this court held that upon all facts properly pleaded, in the absence of any express findings this court will imply a finding in favor of the judgment of the trial court. In Moore v. Rochester W. M. Co., 42 Nev. 164, 179; 174 P. 1017, 1022, 19 A.L.R. 830, it was stated: "* * * where a judgment is rendered for plaintiff upon certain findings in his favor without reference to the findings of fact upon certain issues raised in defendant's answer, it will be presumed that such findings were found."

It is the view of this court that under the settled law of this state we must, a fortiori, presume in the case before us that proper regard was given by the trial court to a matter addressed to its consideration solely by statute and which the parties themselves have not raised in the pleadings.

The judgment of the lower court is affirmed. Each party shall bear his own costs upon this appeal.

BADT, C.J., and EATHER, J., concur.