IRVING P. KRICK, APPELLANT, v.
JANE C. KRICK, RESPONDENT.

No. 4225

January 29, 1960                    348 P.2d 752

(Rehearing denied February 26, 1960.)

*Norman Cornwall* and *Toy R. Gregory,* of Las Vegas, for Appellant.

*Goldwater, Singleton, Dickerson and Miles,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

Appeal from order denying a motion to enter satisfaction of judgment.

The parties hereto were married in California on May 23, 1930 and separated about March 17, 1945.

On November 18, 1946 respondent, hereinafter referred to as "wife," was granted a decree of absolute divorce from appellant, hereinafter referred to as "husband." Such decree awarded to the wife the custody of the minor daughter of the marriage, then nine years of age, and ratified, approved, and incorporated into the decree a property settlement agreement between the parties dated July 24, 1945. The parties were ordered to comply with the terms and conditions of such agreement.

Following the decree provisions just referred to, the decree provided as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provision contained in Paragraph I of the property settlement agreement hereinabove set forth for the payment of $750 monthly *during the life of defendant and cross-complainant* is a part of the property settlement and that said monthly payments constitute a part of the consideration received by defendant and cross-complainant for her release and conveyance to plaintiff and cross-defendant of all community property claims to the Krick Weather Service, except as in said agreement provided, and for her release and conveyance to plaintiff of all other claims to the property retained by the plaintiff and cross-defendant, or hereafter acquired by him, and that by reason of said facts, the order made herein required the payment of said monthly payments hereafter may not be modified or changed in any particular, and said monthly payments shall be made by plaintiff and cross-defendant to defendant and cross-complainant *during the defendant and cross-complainant's life.*

"Without affecting in any way the foregoing provisions of this decree with respect to the finality of the order requiring the monthly payments of $750 to be

made by plaintiff and cross-defendant to defendant and cross-complainant, IT IS FURTHER ORDERED that until the further order of the Court herein making other or different provision for the support, maintenance, and education of the minor child of the parties hereto, one-third of each monthly payment shall be fixed as the portion thereof payable for the support, maintenance, and education of the minor child of the parties hereto. The making of other provision for the support, maintenance, and education of said minor child, or any change which hereafter may be made in the apportionment of said monthly payment fixed as the amount payable for the support, maintenance, and education of said minor child, or the termination of the obligation to support, maintain, and educate said minor child through her death, marriage, or attaining of majority, shall not in any way affect the requirement of this decree for the payment to defendant and cross-complainant *during her life* of the full amount of the monthly payment of $750 provided for by way of property settlement in said agreement." (Italics supplied.)

Subsequent to the remarriage of the wife on October 24, 1956, and the attainment of her majority by the daughter on December 9, 1957, the husband moved the trial court to enter satisfaction of judgment based upon the wife's remarriage and the child's becoming of legal age. Such motion was made pursuant to Rule 60 (b) (4) NRCP.[1] The husband appeals from the order of the trial court entered on April 6, 1959 denying such relief to the husband.

The husband contends that the payments required to be made by him to the wife under the above quoted provisions of the decree were "alimony" as contrasted with payments made in connection with a settlement of property rights between the parties, and that his obligation to make further payments terminated upon the wife's

---

[1]"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied. * * *."

remarriage. Appellant cites NRS 125.150 which reads in part, "In the event of  *  *  *  the subsequent remarriage of the wife, all alimony awarded by the decree shall cease, unless it shall have been otherwise ordered by the court." The quoted statutory provision, however, applies only to "alimony" awarded by the decree. The decree does not order the husband to pay "alimony" but, on the contrary, provides that the monthly sums to be paid by the husband under the terms of the property settlement agreement, are "*  *  *  a part of the property settlement and that said monthly payments constitute a part of the consideration received by [the wife] for her release and conveyance to [the husband] of all community property claims to the Krick Weather Service,  *  *  *  and for her release and conveyance to [the husband] of all other claims to the property retained by [the husband] or hereafter acquired by him, and that by reason of said facts,  *  *  *  said monthly payment shall be made by [the husband] to [the wife] during [the wife's] life.

The husband's motion, seeking relief from making further payments, was presented to the trial court nearly 12 years after the entry of the decree. During the interim the husband had complied with the decree provisions requiring monthly payments by him. Upon the hearing of the husband's motion the trial court was required to construe the language of its own decree, and such construction must be given great weight in determining the intent of the trial court with which we are here concerned. Wilde v. Wilde, 74 Nev. 170, 326 P.2d 415. The trial court, in denying the motion, construed the decree to provide that the monthly payments shall be made by the husband during the wife's lifetime.

We agree with this conclusion of the lower court. In view of the above quoted language from the decree, which provides specifically that the monthly payment shall be made by the husband during the wife's life, even though the monthly payments should be construed to be alimony, NRS 125.150 would not be authority for

the payments to cease upon the wife's remarriage, as here the trial court "otherwise ordered" that the payments continue during the wife's life.

The record shows that at the trial on the merits of the divorce case, the husband and the wife had settled their property rights by the agreement above mentioned, and that each had been represented by independent counsel in its execution and preparation. He also testified that he considered that the agreement was fair, just and equitable. As indicative of the intent of the parties with reference to the settlement of property rights and the period through which monthly payments should continue, certain recitals and provisions of the agreement are significant. The document entitled "Property Settlement Agreement," after referring to the marital differences of the parties causing them to separate, recites, that the wife has agreed to accept certain real and personal property, cash and securities, and provisions made therein for her support and the support of the minor child in lieu of all other provisions for her maintenance and support and in full payment of all claims of any property then owned or to be later acquired by the husband. As to the support provisions the agreement provides that the husband pay to the wife "* * * the sum of $750 per month commencing August 24, 1945 and to continue monthly thereafter during the life of the wife." While it is true that the agreement provides that the monthly payments shall be made for the support of the wife and for the support of the minor child, this language must be reconciled with the provisions of the agreement for division of property, and the agreement must be considered as a whole. Fox v. Fox, 42 Cal.2d 49, 265 P.2d 881.

The California Supreme Court in Hilton v. McNitt, 49 Cal.2d 79, 315 P.2d 1, had before it sec. 139 of the California Civil Code, which was amended in 1951. That section, before such amendment, provided that upon the remarriage of the wife the husband should no longer be obligated to provide for her support, and the 1951 amendment added the language, "except as otherwise agreed by the parties in writing."

NRS 125.150 provides that all alimony awarded by

the decree shall cease upon the subsequent remarriage of the wife, "* * * unless it shall have been otherwise ordered by the court."

Thus, the California statute as amended recognizes the right of the parties by written agreement to modify the effect of the provisions of sec. 139, California Civil Code, as they existed prior to said amendment, while the Nevada statute provides that its limitation of payments by the husband until the wife's remarriage shall control, unless the court "otherwise orders."

The Hilton case, therefore, is distinguishable. The Supreme Court of California therein determined that the monthly payments were for support and maintenance or alimony and ceased on the remarriage of the wife or death of the husband, because there was no agreement to the contrary in writing.

In the present case we hold the payments did not cease because, pursuant to our statute, the trial court "otherwise ordered," and furthermore they were in lieu of property rights arising from the marital relationship rather than alimony.

It must be noted that the court in the Hilton case stated that under the California statute "provisions in a property settlement agreement or in a decree for support and maintenance terminate on death or remarriage unless there is a provision in the agreement or decree which negates the intention that the payments should so terminate." The converse of this rule is clearly to the effect that such payments do not cease if the parties in California otherwise agree in writing or in Nevada if it is otherwise ordered by the court. To this extent the Hilton case is authority for our conclusions herein.

Appellant contends that the portion of the decree requiring the monthly payments above-quoted in this opinion are void as exceeding the jurisdiction of the court, because they were not responsive to any issue raised by the pleadings or the evidence and are not in accord with the minute order of the court in the divorce proceedings at the trial on the merits. We must reject this contention. Ex Parte Weiler, 106 Cal.App. 485, 289 P. 645.

When a court acquires jurisdiction of the parties and the subject matter in a divorce action, NRS 125.150, subd. (1), authorizes it to award such alimony to the wife and to make such disposition of community property of the parties as shall appear equitable and just, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce.

In Dutertre v. Shallenberger, 21 Nev. 507, 34 P. 449, 450 (approved in Dillon v. Dillon, 68 Nev. 151, 227 P.2d 783), this court held that, upon all facts properly pleaded, in the absence of any express findings, this court will imply a finding in favor of the judgment of the trial court.

The record discloses that counsel for the parties, by stipulation, waived findings of fact and conclusions of law. Appellant took no action by way of appeal or motion to remedy the decree provisions now complained of. The record shows that the identical language likewise appeared in an interlocutory decree of divorce granted to the wife in California prior to the entry of the decree now under consideration. In that case the husband had been served with process and had appeared and stipulated that the case might be tried as a default, which was done. This last-mentioned circumstance merely accentuates plaintiff's knowledge of the decree provisions just referred to. His failure to take any timely, appropriate action by appeal or otherwise to effect their modification or deletion, is an indication of his consent thereto and evidences the fact that, in entering into the agreement, he intended the payments to continue during the lifetime of the wife, regardless of her remarriage or the maturity of the child.

The order of the trial court denying appellant's motion for entry of satisfaction of judgment is affirmed, with costs to respondent.

MCNAMEE, C. J., and BADT, J., concur.