JACK FENKELL, APPELLANT, *v.* HELEN C. FENKELL, RESPONDENT.

No. 6052

May 21, 1970                               469 P.2d 701

*Alex. A. Garroway,* of Reno, for Appellant.

*David G. Parraguirre,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is an action for divorce, tried before the district court on the complaint of the appellant, the answer and counterclaim of the respondent, and the appellant's reply.

In her counterclaim the respondent asked for custody of the minor child of the parties, and the sum of $150 per month for the child's support until she reaches the age of 13, with an increase at that time to the sum of $250 per month, to continue during the child's minority or until she is emancipated. Respondent also requested the sum of $700 per month alimony for two years, and thereafter, the sum of $500 per month until such time as she might remarry.

The trial transcript is not a part of the record. Pursuant to NRCP 75(c)(e)(n)[1] the appellant has filed an abbreviated

---

[1]NRCP 75 (c)(e)(n): "(c). Testimony of witnesses designated for inclusion need not be in narrative form, but may be in question and answer form. A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof.

"(e). All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any documents shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties.

"(n). In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the respondent who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

statement of the evidence. The respondent did not take advantage of NRCP 75(n), and except for the trial court's findings of fact the appellant's statement is the only recitation of facts to which we can turn. In her answering brief, the respondent has recited certain alleged facts which do not appear in either the appellant's statement of the evidence or the trial court's finding of fact. Because they are outside the record, we cannot consider them. In Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969), we said: ". . . [F]acts in the briefs of counsel will not supply a deficiency in the record." Mitchell v. Bromberger, 2 Nev. 513 (1866); Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Lee v. Sheriff, 85 Nev. 379, 455 P.2d 623 (1969).

We do not question the accuracy or truth of the appellant's "statement as to evidence," (see Middleton v. Hartford Accident & Indemnity Co., 119 F.2d 721 (C.C.A. 5th 1941)). However, the statement does not affirmatively allege, nor purport to contain, all the evidence adduced at the trial. Therefore, we choose to follow the long established rule that a judgment of the district court will not be disturbed as being unsupported by the evidence when the statement fails to affirmatively show that it contains all the material evidence. Sherwood v. Sissa, 5 Nev. 288 (1870); White Pine Co. v. Herrick, 19 Nev. 311, 10 P. 215 (1886); Olson v. Oregon Short Line R. Co., 68 P. 148 (Utah 1902); Stoddard v. Fox, 99 P. 122 (Idaho 1909); Voorheis-Trindle Co. v. Boyd, 84 Nev. 654, 447 P.2d 36 (1968).

The appellant does not attack the entire judgment, but contends that the trial court erred when it made the following financial awards to the respondent: (a) $125 per month for the maintenance, support and education of the minor child of the parties; (b) tuition expenses incurred by respondent, not to exceed $50 per week, for a term not to exceed two years if respondent is enrolled and attending lipreading school to overcome her hearing defect; (c) tuition expenses, not to exceed $700 to allow her to attend a beauty college; and (d) a fee in the sum of $400 for respondent's counsel.

The exercise of discretion, by the trial court, in awarding support for a minor child, will not be disturbed unless there is a clear case of abuse. Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962); Timney v. Timney, 76 Nev. 230, 351 P.2d

611 (1960). (See also Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951), for an excellent discussion of judicial discretion.) However, the paramount guiding principle in the exercise of judicial discretion, in these cases affecting the rights of children, is the best interest and the welfare of each child whose rights are involved.

In Atkins v. Atkins, 50 Nev. 333, 259 P. 288 (1927), the trial court awarded to the wife the sum of $100 per month for the support of the parties' infant child, although the husband and wife had agreed that there should be no provision made for the support of the child, and the wife testified that she wished none, nor did the complaint ask for any such relief. The defendant husband appealed, insisting that the trial court was without jurisdiction or authority to make such an order. This court held that the question of child support was within the sound discretion of the trial court; that the basis of the power conferred on the trial court, by statute, to exercise a broad discretion as to custody and support, lies in the reason that it is not the rights of the parties which are to be determined, but the best interest of the child. In that case this court went on to hold that the trial court had the right to make the award for the support of the minor child, regardless of any agreement or wishes of the parties; and that the statute impose upon a court having jurisdiction of a divorce case, the duty to provide for the welfare of the child as a necessary incident to such jurisdiction.

In Atkins v. Atkins, supra, the court said: "There is an answer in this case, and consequently, under the express terms of said section [Revised Laws, 5840] the court could grant any relief consistent with the case made by the complaint and embraced within the issue." Here we not only have an answer but a reply to a counterclaim. The respondent asked for child support in the amount of $150 per month, to commence immediately, and $250 per month after the child had reached the age of 13. Under the express terms of NRS 125.140, the trial court was authorized to grant any relief consistent with the case established by the counterclaim so long as it embraced the paramount objective of the present comfort and future well-being of the child. The award of child support in the amount of $125 was within the amount requested in the counterclaim and it is obvious that it was for the present comfort and future well-being of the child. If a trial court in this state has been permitted to make an award of child support when it was not requested in the pleadings and when it was rejected in open

court by the plaintiff wife (Atkins v. Atkins, supra) *a fortiori* the trial court, in this case, shall not be precluded from making a reasonable award just because the respondent did not minutely detail her present and prospective need for such child support.

Additionally, the appellant contends that the trial judge committed prejudicial error when he stated that he had children and based his determination of child support on his knowledge of the cost of maintaining his children. Although we find the trial judge's avowed measure for determining child support unusual, it does not amount to error. NRS 125.140(2) authorizes the trial court to make such order for the custody, care, education, maintenance and suppport of minor children as may seem necessary or proper. In order to determine what "may seem necessary or proper," the trial judge must call on his entire knowledge, training and experience to reach that decision.

The appellant objects because the district court made lump sum alimony awards contingent upon the respondent seeking training to improve her hearing ability and to improve her earning capacity as a beauty operator. In other jurisdictions lump sum alimony payments, which have been approved, range from $100,000 in Bruner v. Bruner, 135 N.E. 578 (Ind. 1922), to $2,500 in Reeves v. Reeves, 399 S.W.2d 641 (Mo.App. 1966).

The contingency required by the trial court in this case does not detract from the award. We find no error or abuse of discretion by the district court in awarding to the respondent, as part of her alimony, an allowance to enable her to improve her hearing ability and to enable her to take a refresher course at a beauty college.

In Shane v. Shane, 84 Nev. 20, 435 P.2d 753 (1968), we approved the trial judge's award of $16,500 to the wife in lieu of all her community property rights, and as and for alimony, and held: "Before the appellate court will interfere with the trial judge's disposition of the community property of the parties or an alimony award, it must appear on the entire record in the case that the discretion of the trial judge has been abused."

If the record is devoid of evidence or if the evidence is abbreviated, as in this case, it is necessary for this court to be

guided by the findings of fact of the trial court. Waite v. Burgess, 69 Nev. 312, 250 P.2d 919 (1952).

We find nothing in the appellant's "statement as to evidence" which would compel or persuade us to set aside any part of the trial court's findings relating to alimony or child support. Findings will not be set aside unless they are clearly or manifestly against the weight of the evidence or without reasonable support therein. Garaventa v. Gardella, 63 Nev. 304, 169 P.2d 540 (1946).

It has long been the law in this state that where findings of fact are within issues raised by pleadings, and there is no record of testimony which can be considered, the appellate court must presume that the evidence was sufficient to justify the findings. Lamance v. Byrnes, 17 Nev. 197, 30 P. 700 (1882). In Quinn v. Quinn, 27 Nev. 156, 74 P. 5 (1903), this court said: "Any fact necessary to support the order is presumed to have been proven in the absence of an affirmative showing to the contrary."

We next turn to the question of attorney fees. We find that the district court committed error when it awarded attorney fees to the respondent. Nowhere in her pleadings does the respondent request or apply for attorney fees. Furthermore there is no evidence, in the record, to which the pleadings could have been conformed to support such an award, nor does the respondent so contend. NRCP 15(b).

NRS 125.150(2) authorizes the award of a reasonable attorney fee at the conclusion of the trial, in a divorce case, even though no application was made under NRS 125.140, but only if attorney fees are in issue under the pleadings.

The respondent contends that a party need only show necessitous circumstances to support a trial court's award of attorney fees. We do not agree. The party seeking attorney fees must first, either make an application under NRS 125.140, or allege a need in the pleadings pursuant to NRS 125.150(2), and then that party must show necessitous circumstances, before a trial court is authorized to award attorney fees.

The respondent has moved this court for an order directing the appellant to pay to her attorney the sum of $1,500 to enable her to respond to this appeal. The motion was resisted

404

by the appellant. On January 16, 1970, we denied that motion, but granted the respondent leave to support her position, in her brief, and in oral argument. We find nothing in respondent's brief concerning her request for attorney fees to enable her to respond to this appeal, and the parties stipulated to waive oral argument and to submit the appeal on briefs, therefore, the question is completely disposed of by our order of January 16, 1970.

The judgment of the district court is affirmed except for the award of attorney fees to the respondent, and in that regard this matter is reversed and remanded to the district court with instructions to amend the judgment to conform to this opinion.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.