DENYSE DIANE BUCHANAN, APPELLANT, v.
JAMES L. BUCHANAN, II, RESPONDENT.

No. 7306

June 5, 1974                                           523 P.2d 1

*Wiener, Goldwater & Galatz, Ltd.,* of Las Vegas, for Appellant.

*Douglas Joe Shoemaker,* of Las Vegas, for Respondent.

## OPINION

By the Court, Manoukian, D. J.:[1]

The parties, married May 20, 1967, are parents of twin girls,

---

[1]Mr. Justice Mowbray and Mr. Justice Gunderson voluntarily disqualified themselves and took no part in this decision. The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judges Noel E. Manoukian and William N. Forman, to sit in their stead.

who were approximately 2½ years of age when appellant, alleging incompatibility, initiated this action for divorce in October, 1971.

On January 31, 1973, the trial court granted appellant the divorce, custody of the twins, divided property of the parties, ordered respondent to pay $150.00 per month per child for their support, and specifically ruled that respondent was "not obligated to pay [appellant] any sum whatsoever as and for her support."

Only the amount of child support and the refusal of the trial court to award alimony are contested in this appeal.

In her first assignment of error, appellant contends that the trial court abused its discretion of allowing only $150.00 per month, per child, for their support and, secondly urges that the trial court abused its discretion in refusing to allow her alimony.

As we understand appellant's position, she does not seriously contend that the judgment below is not supported by substantial evidence. Instead, it is strongly urged there was a showing of absolute unfairness because "the trial court violated the *spirit* of NRS 125.140(1) and [NRS] 125.150(1)." We are not inclined to this view.

1. The trial court in providing for child support, did so in exercise of discretionary powers conferred upon it by NRS 125.140(1).[2] The question then, is what is a proper sum to require the father to contribute for the support of his children under existing conditions? This requires an answer to two subordinate questions: (1) what does the child reasonably require to maintain its standard of living?; and, (2) what can the father reasonably afford to pay? At trial, appellant's counsel inquired of appellant whether her exhibit one (1) accurately reflected the expenditures she incurred during the effective period of the order on preliminary allowances, namely September, October and November of 1972. Appellant answered in the affirmative, pointing out that clothing and perhaps some other miscellaneous items of expense were not included

---

[2]NRS 125.140(1): "The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present, comfort and future well-being of such children."

therein.[3] In reviewing the exhibit it appears that the trial court made a reasonable determination in awarding child support in light of the expense allocations as and for said children set forth in the exhibit.

In considering respondent's ability to contribute, the record reflects that in 1969 he had a taxable income of less than $5,000.00; 1970, some $12,000.00; and, in 1971, the approximate sum of $23,000.00. For the year 1972, before the payment of taxes, his income was approximately $52,000.00 from the practice of law, and $18,990.00 from the sale of an interest in real property. The record also shows that 1972 was an exceptional year due to respondent's receipt of two major, or extraordinary, attorney's fees. It was further demonstrated the respondent's gross earnings for 1973 would be approximately $48,000.00, before income taxes and expenses; that he pays $339.00 per month for the house payment, plus utilities; $50.00 per month to keep, or maintain, two horses; a car lease installment of $213.00 per month; that he had other loan payments in the vicinity of $1,000.00 per month; that he pays $200.00 to $300.00 monthly on various community accounts; that his other fixed expenses (excluding his law office), amounted to several hundred dollars per month for rental real property payments; $192.00 per month for electricity, maid, water, garbage and related expenses; $100.00 to $125.00 per

---

[3]The exhibit, dated November 20, 1972, reads:

| | Expenses | Sept. | Oct. | Nov. to 11/17/72 |
|---|---|---|---|---|
| | Groceries | 222.70 | 188.36 | 108.50 |
| | (No eating out expenses included) | | | |
| | School | 51.00 | 51.00 | 51.00 |
| | Dance School | 8.35 | 8.35 | 8.30 |
| | Dentist payments | 200.00 | 100.00 | |
| Back one month | Electric | 64.83 | 29.28 | 42.35 |
| | House Pay. | 318.00 | 318.00 | 318.00 |
| | Garden | 28.00 | 28.00 | 28.00 |
| | Exterminator | 7.00 | 7.00 | 7.00 |
| | Milk (Anderson) | 15.00 | 15.00 | 15.00 |
| Took — 300.00 | Phone | 21.22 | 24.85 | 42.87 |
| Mo. Savings | Housekeeper | 200.00 | 200.00 | 200.00 |
| | Pool | 45.00 | 45.00 | 45.00 |
| | Water | 32.46 | 36.40 | 15.67 |
| | | 1112.86 | 1050.88 | |

Dentist balance — $1160.00 — No Provision for Clothes.
Misc. — Dinners — Movies — 50–100 Mo. Dr. Bills — 30–40 Mo.
Beauty Shop — 35. Mo. — Car Main. 50. Mo. — 7–10 Wk. — Gas
House Main. — 25–35 Mo. — Drugs, etc. — 15 Mo. (Vitamins — Fluoridation & Medicine — Children)

month on other accumulated bills, and that he had an approximate $10,000.00 liability on debts of a closed business. These obligations approximate $2,500.00 monthly expense.

In Atkins v. Atkins, 50 Nev. 333, 259 P. 288 (1972), there was an agreement between the parties that there would be no reference to child support, and the mother in fact declined support. The court nonetheless awarded child support and the husband appealed, arguing that the trial court was without jurisdiction to award child support in light of the understanding and agreement between the parties. This court, in approving the trial court's determination, relied on Rev. Laws 5840, § 24, which is identical to NRS 125.140(1), saying: "The basis of the power conferred on the court by this statute to exercise a broad discretion as to custody and support, lies in the reason that it is not the rights of the parties which are to be determined, but the best interests of the child. This is universally held to be of paramount consideration, and arises from state's interest in the training, education, and general welfare of the children." 50 Nev. at 337, 259 P. at 289. Accord: Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951); Edwards v. Edwards, 82 Nev. 392, 419 P.2d 637 (1966); Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970).

While the record can be read to show respondent was able to pay more in the way of child support, there is no showing that $150.00 per month, per child, is an insufficient sum. The fact that a father may be able to pay more for support for a child than that established by the trial court, is a matter within judicial discretion, not an absolute right of the child. See Goodman v. Goodman, *supra,* at 487.

The exercise of discretion by the trial court, in awarding support for a minor child, will not be disturbed unless there is a clear case of abuse. Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962); Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960); *Goodman, supra.* This record supports the determination made by the trial judge and it was well within both his discretion, and the "spirit" of NRS 125.140(1).

2. Appellant next contends error because the trial court refused to award her alimony. In fact, in her opening brief, she states "a finding on the subject of alimony is conspicuously absent from the findings of fact filed by the court." It should be

noted that the Findings of Fact and Conclusions of Law relating to the payment of $3,600.00, [a portion of the property settlement] at $300.00 per month, states that the same "is to be part of the property settlement—not alimony"; the identical language is carried forward in the decree of divorce. Though conclusionary, the referenced language can be read to show, and certainly evidences, an intention on the part of the trial judge to make an express determination relative to the issue of alimony. This is emphasized by the specific language contained in the judgment which stated that respondent was not obligated to pay any sum whatsoever for appellant's support. In further support of this court's affirmation of the trial court's determination see Dillon v. Dillon, 68 Nev. 151, 154, 227 P.2d 783, 784 (1951), where the court quotes from Dutertre v. Shallenberger, 21 Nev. 507, 34 P. 449 (1893), saying: "that upon all facts properly pleaded, in the absence of any express findings, this court will imply a finding in favor of the judgment of the trial court. [Citation omitted]: '. . . [W]here a judgment is rendered for plaintiff upon certain findings in his favor without reference to the findings of fact upon certain issues raised in defendant's answer, it will be presumed that such findings were found.' "

Appellant's brief states: "It is not the contention of appellant that an award should have been made for alimony for an unlimited period of time but rather that the court, because of the inadequacy of the totality of its ruling, should have provided at least enough money which, together with the support for the children, would have entitled appellant to adjust to the situation." The trial court's ordering that respondent make the additional payment of $3,600.00 at the rate of $300.00 per month, though as part of the property settlement and not as alimony, to this court, is a showing of a reasonable effort on the part of the trial court to allow appellant to adjust to the situation.

In support of her claim for alimony appellant states that this court has long held the right of the wife, who has been given the divorce, to such support as to the court shall appear adequate in view of the financial conditions of the parties, cannot be questioned. While the statement is correct, this court has also said: "In our opinion, these words mean simply that the action of the trial court in awarding alimony in a proper case will not be disturbed on appeal. *They do not mean that in all cases where the wife is granted a divorce she is entitled to alimony as a matter or right.*" Freeman v. Freeman, 79 Nev. 33, 35, 378 P.2d 264, 265 (1963). [Emphasis added.]

In determining whether alimony should be paid, as well as the amount thereof, courts are vested with a wide range of discretion. This power of determination is neither arbitrary nor uncontrolled. Much depends upon the particular facts of the individual case. Among the matters to be considered are: the financial condition of the parties; the nature and value of their respective property; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health and ability to labor; and the wife's age, health, station and ability to earn a living. See Siebert v. Siebert, 199 P.2d 659 (Ore. 1948).

The record shows, *inter alia,* that in the aggregate appellant and respondent co-habited as husband and wife for a period of three years; that appellant was thirty-one years of age at the time of the trial of this matter; that beginning in August 1972, some 16 months after she instituted the divorce action, she worked as a model one day a week earning $20.00 per day, with sporadic other modeling work; that except for remedial dental work, which is not shown to be continually required, there is no evidence showing that she was in ill health or in any way infirm; that there was neither effort nor desire on her part to seek steady or full-time employment; that she required a live-in housekeeper at $200.00 per month because "she was accustomed to having one"; that there is no showing that she could not adjust to other employment, or become more gainfully preoccupied with modeling. The record also shows that during the three year period the parties lived together respondent's gross income averaged less than $13,500.00 annually.

NRS 125.150(1) provides guidance to a trial court in making an award of alimony or denying the same, and this record reflects that the trial judge adhered to the standards set out in that statute.[4]

Had the trial court granted reasonable alimony for a reasonable period of time, this record would have supported the

---

[4]The statute reads: "Alimony and adjudication of property rights; award of attorney's fee; subsequent modification by court on stipulation of parties.

(1) In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

award and it would not have constituted an abuse of discretion. Each case must be judged and taken upon its own merits. The record shows that the trial court gave due regard and consideration to all facts bearing on the issue of alimony and support for appellant. Further, it has long been the view of this court that we must presume in the case before us that proper regard was given by the trial court to a matter addressed to its consideration. Cf. *Dillon, supra.* The rulings "are supported by substantial evidence and we are not prepared to say that the trial court abused its discretion. In other words, such abuse does not plainly appear." Cunningham v. Cunningham, 61 Nev. 93, 95, 116 P.2d 188, 189 (1941).

The judgment of the lower court is affirmed. Each party shall bear their own costs upon this appeal.

After the appeal was perfected, and on appellant's motion, we reinstated the trial court *pendente lite* order and ordered respondent to pay appellant the sum of $450.00 per month for her support, and $150.00 per month per child for their support while the appeal was in progress. We also allowed attorney's fees and travel expense for her counsel.

Appellant has recently filed in this court, a motion to hold respondent in contempt alleging that he had failed to fully comply with our order. The function of this court neither includes nor contemplates the resolution of evidentiary matters; therefore, we decline to consider the motion to hold respondent in contempt and

ORDER the motion transferred to the Eighth Judicial District Court, forthwith, for the purpose of conducting an evidentiary hearing and disposition. The motion should be given appropriate priority in the district court.

THOMPSON, C. J., and BATJER and ZENOFF, JJ., and FORMAN, D.J., concur.