**In re Domenick Anthony FERRADINO and Janice Marie Ferradino, formerly Janice Marie Foliba, Debtors.**

**Ramona A. FERRADINO, Plaintiff,**

v.

**Domenick Anthony FERRADINO, Defendant.**

**Bankruptcy No. 80–00869.
Adv. No. 81–0034.**

United States Bankruptcy Court, D. Nevada.

Sept. 24, 1981.

Robert K. Dorsey, Las Vegas, Nev., for plaintiff.

William H. McNeil, Reno, Nev., for defendant.

## OPINION AND DECISION

BERT GOLDWATER, Bankruptcy Judge.

This case is to determine the dischargeability of obligations of the debtor Domenick Anthony Ferradino[1] to the plaintiff, his former wife, arising out of a document labeled "Property Settlement Agreement" which was approved but not merged in a 1977 divorce decree and provided in part as follows:

> 14. HUSBAND agrees that he shall pay the full amount of the mortgage payment on the home hereinabove described, located at 6598 Boxwood, Las Vegas, Nevada 89103, during the lifetime of WIFE, or until the encumbrance on the said home is paid in. full, or until WIFE remarries, whichever occurs first.
>
> * * * * * *
>
> 21. HUSBAND agrees to make the following payments for a period of four (4) months from the date of this Agreement:
>
> (a) All utilities on the present residence of the parties located at 6598 Boxwood, Las Vegas, Nevada 89103.
>
> (b) All expenses incurred in obtaining licensing and making other arrangements to allow WIFE to establish and operate a baby sitting service in her home, including the expense of finishing off the garage located in the home at 6598 Boxwood, Las Vegas, Nevada, in a manner

---

1. This debtor filed November 25, 1980 under Chapter 7 jointly with his present wife.

suitable to be used for baby sitting and child care.

Defendant made mortgage payments of $326.40 per month to Mason-McDuffie, the holder of the obligation, through the year 1978. Plaintiff obtained judgment November 12, 1980, for $6,649 in delinquent mortgage payments, $3,595.19 for expenses incurred in establishing the baby sitting service[2] agreed to in paragraph 21, $460.01 interest on the mortgage arrearages through September 1, 1980, $251.66 interest on the amounts due under paragraph 21, $2,000 in attorney's fees, and $68 costs of suit.

Plaintiff seeks to have her judgment against defendant and defendant's obligation under paragraph 14 of the agreement of September 30, 1977, declared nondischargeable in this bankruptcy under 11 U.S.C. 523(a)(5) which provides in part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designed as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Defendant argues that because the divorce decree provided that the property settlement agreement, although approved and confirmed by the Nevada divorce court, did not merge or become a part of the decree of divorce, it is a contractual agreement settling the property rights of the parties and not an agreement to pay alimony or support.[3]

■ It is not necessary that the debt under 11 U.S.C. 523(a)(5) be alimony under a divorce decree. It is sufficient that it is a debt for support of a spouse *in the nature of alimony*, maintenance or support arising out of a separation agreement or property settlement agreement. *See 3 Collier on Bankruptcy* 523–10 (15th ed. 1980). In referring to the agreement, the divorce decree described the agreement as the "Property Settlement Agreement, executed by the parties hereto on September 30, 1977, settling all of the property rights of the parties and *making provision for the partial support and maintenance of plaintiff.*" (Emphasis added.)

■ It is the underlying nature of the debt that is the key factor in determining dischargeability. *In re Edward Wah Chin*, 4 B.C.D. 924 (Cal.1978).

Various tests are used by the courts to determine the characterization of debts as property settlement payments or support payments. *In re Albin*, 591 F.2d 94 (9th Cir. 1979). Among the tests are (1) whether the obligation terminates on death or remarriage of the recipient spouse, (2) whether the obligation terminates on death of the donor spouse, (3) whether payments are in installments over a substantial period of time, (4) whether the obligation is enforceable by contempt, and (5) whether the payments were intended for the economic safety of the wife.

■ In this case the obligation to make mortgage payments survives until death or remarriage unless paid in full before that time. Nothing is said about the husband's death. The length of time the installment payments will be made depends on either the terms of the mortgage or the marital

---

**2.** Defendant did furnish eight cots for children.

**3.** In Nevada, unaccrued payments of alimony in a ratified, adopted and approved agreement may be modified upon a showing of changed circumstances whether or not the court expressly retained jurisdiction to modify. N.R.S. 125.150.

status of the plaintiff.[4] An obligation is enforceable by contempt if the obligation is one arising out of the divorce decree, but as previously noted, under the Bankruptcy Code it is not necessary that the debt be alimony under a decree of divorce. Thus, when the debt is one arising out of a separation agreement or property settlement agreement, the availability of contempt is not a test to be considered by this Court. It is certainly clear that the payments were intended for the economic safety of the wife. Taken together with the provision for use of the mortgaged property for a child service in her home, the payments were necessary for the former wife's security and support. *See generally* Annot., 74 ALR 2d 758 (1960). For a recent case discussing the problems, see *In re Maitlen*, 3 B.L.R. 79,571, 65, 658 F.2d 466 (7th Cir. 1981).

■ In *In re Patrick F. Henry*, 5 B.R. 342, 2 CBC 2d 726 (B.C.M.D.Fla.1980), the court found that an agreement to make payments on a second mortgage was in the nature of support where there was an obligation to keep a roof over the heads of a wife and three children. Here, provision was made for the wife to have a baby sitting service in her home. The former husband was to undertake the expense of converting the home for such use, to pay the utilities for four months and to pay the encumbrance due on the mortgage until the wife's death or remarriage unless paid in full before either of those events. Such arrangement, after 33 years of marriage, would be consistent with "partial support".[5]

In *Krick v. Krick*, 76 Nev. 52, 348 P.2d 752 (1960), the Nevada court had before it the question of whether payments were alimony or property right payments. The husband contended that the payments were alimony payments which terminated with the wife's remarriage. The court denominated the payments as property and not alimony because, unlike the case at bar, the payments were to continue for the wife's life notwithstanding remarriage. Inasmuch as defendant's mortgage payments here cease upon the plaintiff's remarriage, there is every reason to believe he was to support her until she might have another husband to assume that obligation.

In *In re Knabe*, 8 B.R. 53, 3 CBC 634 (B.C.S.D.Ind.1980), the court held that attorney's fees awarded in the enforcement of a support obligation arising out of a separation agreement divorce decree or property settlement agreement are nondischargeable because the debtor's obligation to pay the fees is essentially based on the duty of support.

Let judgment be entered that plaintiff's judgment of November 12, 1980 in Action No. A 199124 in the District Court of Clark County, Nevada, is not discharged and defendant's obligation under paragraph 14 of the agreement of September 30, 1977 is not discharged.

---

4. Suffice it to say that payments are in installments for a substantial period of time since payments commenced in 1977.

5. The parties were married in 1944 and divorced in 1977.