HAZEL M. WILFORD, Appellant, v.
OLEN J. WILFORD, Respondent.

No. 15599

April 26, 1985                                              699 P.2d 105

*John Ohlson*, Reno, for Appellant.

*Beasley, Hamilton & Holden*, Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a decree of divorce awarding spousal support and dividing the community property assets. The appellant, Hazel Wilford, contends the district court erred by: (1) awarding an insufficient amount for arrearages in preliminary support, (2) awarding alimony that was insufficient in amount and duration, and (3) determining that the community-owned business was valueless and awarding the business exclusively to respondent, Olen Wilford. We agree with the final contention and therefore reverse and remand the matter to the district court. We reject the first two contentions, however, and therefore affirm the judgment in part.

Hazel and Olen Wilford were married on May 3, 1963. Their two sons had reached the age of majority at the time of the divorce. During the marriage, Hazel was employed in various capacities, including employment as a waitress for a short period and as a housekeeper. When the parties' business, Olen J. Wilford Construction Company, first began operating, Hazel worked as its sole clerical employee. She continued to assist with the business until she and Olen separated.

Hazel received her high school diploma in 1975 after returning to school, and after the separation, she enrolled at the community

college. At the time of trial, however, she was unemployed. Olen is a licensed general contractor. He operates the Wilford Construction Company and another company which installs cabinets and counters.

After trial, the district court awarded Hazel $4,640.72 in preliminary support arrearages and alimony of $1,000 per month for two years and $500 per month for the next two years. The district court found that the community-owned business, the construction company, was valueless and awarded it exclusively to Olen. This appeal followed.

Hazel first contends the district court erred by awarding an insufficient amount for preliminary support arrearages. Our review of the record reveals that conflicting evidence was presented at trial regarding the amount of the arrearages. Where, as here, the district court, sitting without a jury, makes a factual determination on the basis of conflicting evidence, its determination will not be disturbed unless clearly erroneous. Ormachea v. Ormachea, 67 Nev. 273, 280, 217 P.2d 355, 359 (1950).

Hazel next contends the district court erred in determining the amount of alimony by failing to consider adequately the factors set forth in Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974). Those factors include the following: the financial condition of the parties; the nature and value of their respective property; the contribution of each to any property held by them as tenants by the entirety or as joint tenants; the duration of the marriage; the husband's income, earning capacity, age, health, and ability to labor; and the wife's income, age, health, station, and ability to earn a living. Id. at 215, 523 P.2d at 5; Forrest v. Forrest, 99 Nev. 602, 668 P.2d 275 (1983).

The district court's findings of fact indicate that it did consider the factors set forth in Buchanan, supra, in making its alimony award. Specifically, the court found that during their marriage both parties contributed their efforts to the acquisition of community property. The court also found that Olen would continue to have the capacity to earn substantial income based on his age, occupation and health, but that Hazel was presently unable to support herself. Further, it cannot be assumed that the district court ignored its division of the community property assets in considering the nature and value of the property of each party. We conclude that the lower court adequately considered the factors enunciated in Buchanan in determining the alimony award in this case, and we therefore affirm the award. Cf. Forrest v. Forrest, supra (remand for reconsideration of alimony issue where no indication that Buchanan factors were considered).

The final contention in this appeal involves the court's valuation of the construction company, a Nevada corporation, which is a community property asset of the parties. Hazel asserts that the district court erred in finding that the construction company was valueless and in awarding it exclusively to Olen. We agree. The lower court's finding states that the net worth of the business is zero, but fails to set forth how this determination was made. The district court, however, is required to make specific findings of fact sufficient to indicate the basis for its ultimate conclusions. NRCP 52(a); Robison v. Robison, 100 Nev. 668, 673, 691 P.2d 451, 455 (1984).

During the November, 1983, trial, Hazel introduced into evidence the construction company's financial statement, which was apparently prepared by the company's accounting firm. The statement was current through February 28, 1983. According to the statement, the net stock value of the company was $105,449. The shareholders' equity in the corporation is the ultimate value to be determined when valuing the community's interest in the corporation. Robison v. Robison, 100 Nev. at 672, 691 P.2d at 455. When questioned regarding the financial statement's accuracy, Olen testified only that he did not know if it was accurate at that point in time because he had not received an updated statement. He conceded that the $700,000 gross income figure contained in the financial statement for the preceding ten month period was probably correct.[1] Olen also testified that the company's accounts payable at the time of trial exceeded the accounts receivable by approximately $20,000. He further stated that, if everything was sold, he hoped the company's assets would cover its liabilities.

This testimony, however, does not constitute substantial evidence upon which the district court could conclude that the shareholders' equity in the company, and thus the community's interest, was zero. Due to the lack of substantial evidence to support the district court's valuation of the company's worth and the failure of the court to indicate the factual basis for its valuation of corporate assets, we reverse and remand this case to the district court for further proceedings. On remand, the district court shall determine the value of the corporate asset, set forth the basis for its valuation, and enter judgment accordingly.

---

[1] We note that the financial statement was apparently based upon information provided by Olen.