JOHN P. UBRIACO AND ELEANOR N. UBRIACO, APPELLANTS, *v.* AMERICAN RELIABLE INSURANCE COMPANY, A CORPORATION, RESPONDENT.

No. 9183

July 26, 1978                                              581 P.2d 453

*LePome & Gorman,* Las Vegas, for Appellants.

*Pat J. Fitzgibbons,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting a motion for an involuntary dismissal under NRCP 41(b).[1] We affirm.

Appellants, John and Eleanor Ubriaco, initiated this action with a complaint against Respondent, American Reliable Insurance Company, alleging that the agent of Respondent had failed to explain certain policy coverage limitations ($500) on unscheduled items of furs and jewelry. Appellants alleged that on the basis of this omission, Respondent should be held liable for the full value of furs and jewelry covered by the policy and allegedly stolen while the policy was in effect.

Respondent denied that the agent had failed to explain the specific limitations on the items of personal property in question. Respondent's Answer also put at issue the occurrence of a burglary and the value of the items allegedly stolen.

---

[1] Rule 41(b) provides, in pertinent part: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury."

At the close of Appellants' case, the court granted Respondent's motion for involuntary dismissal under NRCP 41(b), on the principal ground that "Plaintiffs had failed to prove their case, particularly with reference to any established or reasonable value of the articles allegedly stolen."

As no transcript was made of the evidence or proceedings in this case, an approved statement of the case has been prepared and submitted as the basis for review. NRAP 10(c) and (e). According to the approved statement the following represents the total evidence presented by Appellants:

> "At the trial of this matter Plaintiffs put on testimony concerning the facts surrounding the alleged burglary, the reporting of the alleged burglary to the police, the filing of a burglary report, and the filing of a claim for their loss with the Defendant's insurance adjustor. Plaintiffs' attorney offered into evidence copies of the burglary report and insurance policy and no objection being entered, they were admitted into evidence. Plaintiffs also testified that on two (2) occasions they had called their insurance broker to ask if certain items of personal property were covered by their policy, and he assured them that the property was indeed covered.
>
> "Plaintiffs put on no other testimony and rested their case."

The obligation of an appellant in presenting a comparable appeal to this court on the basis of such a statement was outlined long ago:

> "In appealing from a judgment of nonsuit, the plaintiff and appellant must set out in his statement sufficient evidence, upon every material issue, to entitle him to judgment; and if that is shown by a settled statement, he is entitled to reversal; otherwise he must fail. The burden of showing facts establishing a *prima facie* case rests upon him, and he can show them in one way only; that is, by stating so much of the evidence produced by him as is necessary to justify a recovery." *Brown v. Warren,* 16 Nev. 228, 231 (1881).

This principle has been reflected in recent decisions of this court upholding the judgment of the district court when presented with only a partial transcript, Hay v. Hay, 92 Nev. 663, 556 P.2d 1264 (1976), or with an abbreviated statement of evidence, Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970). As the court observed in Brown v. Warren, "It matters not what

reasons the court might give for granting a nonsuit, or that the judgment upon those grounds may be erroneous; the appellant must show in his evidence that in all other respects he was entitled to recover." 16 Nev. at 232.

Appellants have failed to meet this burden. The general statements contained in the Approved Statement of the Case do not "contain a statement of the evidence" regarding value of the items allegedly stolen or that the agent in fact failed to explain the relevant policy limitations.

Since Appellants have failed to demonstrate, through the record submitted that they have proved a sufficient case for the court below, the order of the district judge granting the 41(b) motion for dismissal must be affirmed.

Affirmed.